97 So.2d 458 (1957)
WM. E. STRASSER CONSTRUCTION CORPORATION, a Florida corporation, Appellant,
v.
Robert C. LINN and Alberta Linn, his wife, and Angelina Sammartino, Appellees.
Supreme Court of Florida.
October 11, 1957.
Rehearing Denied November 5, 1957.
Courshon & Fink, Miami Beach, for appellant.
Padgett & Teasley, Miami, for appellees.
*459 THORNAL, Justice.
Appellant Strasser which was plaintiff below seeks reversal of an order dismissing its complaint on the ground of lack of jurisdiction.
We must determine whether the appellees who were the defendants below were subject to substituted service of process under Section 47.16, Florida Statutes.
Appellees Linn owned a lot in Miami. At the time of the transaction here involved the Linns resided in Tokyo, Japan. They executed to appellee Sammartino, a resident of New York, a power of attorney authorizing her to enter into the contract which is the subject of this suit. Through their agent, Mrs. Sammartino, the Linns engaged the services of Strasser to construct a three-unit apartment house on their Dade County lot. Alleging money to be due him as damages resulting from alleged breaches of this construction contract, Strasser sued in the Circuit Court of Dade County. Mrs. Sammartino being in New York and the Linns being in Japan, Strasser undertook to obtain service on the three defendants by service of process on the Secretary of State under Section 47.16 and Section 47.30, Florida Statutes. The defendants appeared specially and by a motion to dismiss contested the jurisdiction of the court. The motion was granted and the complaint was dismissed for lack of jurisdiction of the parties. Reversal of this order is now sought.
Appellant contends that the execution of the construction contract under the circumstances alleged constituted engaging in a "business venture" in Florida sufficient to subject appellees to the provisions of Section 47.16, Florida Statutes.
Appellees contend that the contract was an isolated transaction and did not constitute engaging in a "business venture."
Section 47.16, supra, relates to non-residents who "operate, conduct, engage in, or carry on a business or business venture, in the state * * *." The statute further provides in effect that service of process may be obtained upon such non-residents by the service of process on the Secretary of State of Florida "in any action, suit or proceeding against them * * * arising out of any transaction or operation connected with or incidental to such business or business venture * * *." The cited statute provides a method of substituted service of process in lieu of personal service. It is therefore necessary that one invoking the provisions of the statute carry the burden of presenting a situation that clearly justifies the application of the Act. Statutes of this nature are strictly construed and parties seeking to invoke them are required to bring themselves clearly within the provisions of the Act in order to render the substituted service of process effective against the defendants. Rorick v. Stilwell, 101 Fla. 4, 133 So. 609.
We have also held that each case of this kind must be resolved on the basis of the facts revealed by the record in the particular case. While certain general principles may be said to prevail the application of these principles will be governed by the factual situation presented by a particular record. Mason v. Mason Products Company, Fla. 1953, 67 So.2d 762.
Inasmuch as no testimony was taken and the matter was disposed of on a motion to dismiss precipitated by the special appearance, we must look to the allegations of the amended complaint with supporting exhibits in order to ascertain whether the appellant has met the requirements of the statute with sufficient allegations to reveal that the appellees were engaging in or conducting a business or business venture in Florida when under the circumstances they executed the construction agreement in suit.
Among other things the amended complaint alleges that the Linns through their authorized agent "did enter into the aforesaid agreement to erect the aforesaid apartment building to provide income to the defendants, Robert C. Linn and Alberta Linn, *460 his wife, by means of renting the said units to be located in the said apartment building to tenants." The allegations are further supported by a copy of the power of attorney from the Linns to Mrs. Sammartino which is attached to the amended complaint as an exhibit. By this document the Linns designated Mrs. Sammartino to act as their agent "and to enter into all contracts for the completion of a three (3) unit dwelling on the said property and upon the completion of said dwelling units Mrs. Sammartino is empowered to lease the dwelling units, to acquire furniture and to collect rentals, to use the courts in our name to enforce or to collect damages resulting from any breach of contract made in our behalf, * * *." From these allegations therefore it appears that the Linns, having previously acquired a parcel of land in Dade County, entered into a contract with Strasser for the construction of an apartment building which upon completion was to be equipped and rented to tenants to produce an income for the benefit of the property owners. While at first glance the mere execution of the construction contract might appear in and of itself to be lacking in elements of a business venture, a more mature and thorough consideration of the allegations of the complaint suggest that the Linns had invested in a piece of Florida real estate and, by the agreement, contemplated investing further capital in a purely business enterprise. If the building were completed and the owners then proceeded to collect the rents and enjoy the profits of the Florida operation, we believe it could hardly be contended with success that they were not engaging in a business venture in this state. We think it equally clear that by the purchase of the land and the execution of the construction agreement the Linns were initiating the first subtantial steps toward setting themselves up in a business venture in this state. In Restatement of the Law "Judgments" Sec. 22, p. 107, we find the following:
"b. What constitutes doing business. In the case of an individual, as in the case of partnerships or other unincorporated associations (see Sec. 24) and in the case of corporations (see Sec. 30), doing business is doing a series of similar acts for the purpose of thereby realizing pecuniary benefit, or otherwise accomplishing an object, or doing a single act for such purpose with the intention of thereby initiating a series of such acts." (Emphasis supplied.)
According to the allegations of the amended complaint with the supporting exhibit the acquisition of the land supplemented by the execution of the construction contract with the intent alleged certainly constituted the doing of several acts for the purpose and with the clear intent of initiating and engaging in a business venture.
This statute was before this Court and was thoroughly construed in State ex rel. Weber v. Register, Fla. 1953, 67 So.2d 619. We find no substantial distinction between the case last cited and the case at bar. This is especially so when we consider the rule of the cited case in the light of the definition of "What constitutes doing business" quoted above.
We find it unnecessary to complicate this opinion by delving into the doctrine of relative conveniences or inconveniences as between the contesting parties. Hutchinson v. Chase & Gilbert, 2 Cir., 45 F.2d 139; International Shoe Company v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95. In the instant case the appellees came into Florida, engaged in a "business venture," executed the contract with a Florida resident and thereby invited the jurisdiction of the Florida courts in the event of ensuing litigation arising out of the venture.
This opinion is obviously no decision on the basic merits of the controversy. We merely here hold that the Circuit Court of Dade County acquired jurisdiction of the parties by the service of process obtained under the statute.
*461 The order of the trial court sustaining the motion to dismiss the complaint filed pursuant to the special appearance is hereby reversed and the cause is remanded for further proceedings consistent herewith.
Reversed and remanded.
THOMAS, Acting Chief Justice, and ROBERTS, DREW and O'CONNELL, JJ., concur.