149 So.2d 586 (1963)
William L. HAYES and Pauline A. Hayes, Appellants,
v.
Allen R. GREENWALD, Appellee.
No. 62-582.
District Court of Appeal of Florida. Third District.
February 12, 1963.
Donald F. Frost, Miami, for appellants.
Greenwald & Sponder, North Miami Beach, for appellee.
Before CARROLL, HORTON and HENDRY, JJ.
CARROLL, Judge.
Appellee filed an action against appellants in the civil court of record in Dade County seeking recovery of a real estate brokerage commission. His complaint alleged he was employed to find a purchaser for certain premises; that plaintiff showed the premises to the purchaser, who then bought the property direct from the defendants. The listing and sale were alleged to have been in *587 May of 1961. Suit was filed in August, when the defendants no longer lived in Florida. Substituted service was made on the Secretary of State. Section 47.16, Fla. Stat., F.S.A., entitled "Service of process upon nonresidents engaging in business in state," provides for such service on nonresidents who "operate, conduct, engage in, or carry on a business or business venture in the state." For such service to be valid it must appear that the matter sued on "arising out of any transaction or operation connected with or incidental to such business or business venture."
Plaintiff obtained a default. On December 8, 1961, final judgment was entered by default against the defendants William L. Hayes and Pauline A. Hayes, his wife, for $825 plus interest and costs. In April of 1962 defendants moved the court to set aside the judgment as void for want of personal service. Through the motion and affidavits attached thereto the defendants disclaimed the doing of business and showed that the commission was claimed with reference to sale by them of their homestead on moving from Florida to Georgia. The motion was denied and defendants appealed.[1]
We regard the use of substituted service in this case as unauthorized. The isolated action of selling a home, by one who moves to another state, does not amount to a business venture within the meaning and intent of § 47.16(1) Fla. Stat., F.S.A. The cases of State ex rel. Weber v. Register, Fla. 1953, 67 So.2d 619, and Wm. E. Strasser Construction Corporation v. Linn, Fla. 1957, 97 So.2d 458, are distinguishable; the former because it involved the purchase and resale of business property and the latter because it concerned purchase of property for use in a planned business operation and was regarded as an initial step in such business. Compare Toffel v. Baugher, Fla.App. 1960, 125 So.2d 321, cert. discharged Fla. 1961, 133 So.2d 420, and Berkman v. Ann Lewis Shops, 2 Cir., 1957, 246 F.2d 44, 49.
Substituted service not being authorized, appellants were never subjected to the jurisdiction of the court. A judgment which appears from the record to be void for lack of jurisdiction over the person of defendant may be set aside and stricken from the record on motion at any time. See Malone v. Meres, 91 Fla. 709, 109 So. 677; Kroier v. Kroier, 95 Fla. 865, 116 So. 753; Goodrich v. Thompson, 96 Fla. 327, 118 So. 60; Frostproof State Bank v. Mallett, 100 Fla. 1464, 131 So. 322; Fisher v. Guidy, 106 Fla. 94, 142 So. 818; McGee v. McGee, 156 Fla. 346, 22 So.2d 788.
Accordingly, the order appealed from is reversed with directions to the trial court to set aside the default judgment.
NOTES
[1] The appeal is treated as interlocutory, under rule 4.2, subd. a, Florida Appellate Rules, 31 F.S.A.