PER CURIAM.
This is an interlocutory appeal from an order at law relating to jurisdiction over the person of certain garnishees. See Rule 4.2, F.A.R., 31 F.S.A. The appeal seeks reversal of an order dismissing foreign corporate garnishees, which appellant contends were amenable to service under § 47.16, Fla.Stat., F.S.A. The affidavit filed on behalf of the garnishees in support of their motion to dismiss was composed of general conclusions that they have not done business in Florida, and that the contract was not made in Florida. Plaintiff’s affidavits stated the garnishees had obtained *26 insurance business in Florida through an agent here and that the alleged agent also had acted for them in connection with the loss notice. The plaintiff’s garnishment affidavit set forth certain facts as follows:
“That each of the above named Garnishees has operated conducted, engaged in or carried on a business or business venture in the State of Florida. That Underwriter’s at Lloyd’s London has operated, conducted, engaged in or carried on a business or business venture in the State of Florida in that the said Underwriter’s at Lloyd’s London heretofore issued a certain Certificate of Coverage No. 7540 wherein Underwriter’s at Lloyd’s London appears as Insurer and the Defendants in this cause, Gregorio Heller and Jacobo Mathor, appear as Insured. That British Aviation Insurance Co., Ltd., a British corporation, Orion Insurance Co., Ltd., a British corporation, Corn Hill Insurance Co., Ltd., a British corporation, Edinburgh Insurance Co., Ltd., a British corporation, Reliance Marine Insurance Co., Ltd., a British corporation, United Scottish Insurance Co., Ltd., a British corporation, and Parcls & General Insurance Co., Ltd., a British corporation, have operated, conducted, engaged in or carried on a business or business venture in the State of Florida in that said British Aviation Insurance Co., Ltd., a British corporation, Orion Insurance Co., Ltd., a British corporation, Corn Hill Insurance Co., Ltd., a British corporation, Edinburgh Insurance Co., Ltd., a British corporation, Reliance Marine Insurance Co., Ltd., a British corporation, United Scottish Insurance Co., Ltd., a British corporation, and Parcls & General Insurance Co., Ltd., .a British corporation heretofore issued certain Certificate of Coverage No. 7541 wherein said British corporations appear as insurers and the Defendants in this cause, Gregorio Heller and Jacobo Mator, appear as insured.
“That said Certificates of Coverage Nos. 7540 and 7541 were written by Crump London Underwriters Incorporated of Memphis, Tennessee. That the solicitation for the writing of the Certificates of Coverage Nos. 7540' and 7541 was conducted by Branning Ins. Agency, Inc., a Florida corporation, and was done in the State of Florida. That Notices of Cargo Loss-under Certificates of Coverage Nos. 7540 and 7541 were delivered to Bran-ning Ins. Agency, Inc., in the State of Florida for forwarding to Crump London Underwriters Incorporated of Memphis, Tennessee and to Underwriters at Lloyd’s London, and to British Aviation Insurance Co., Ltd., Orion Insurance Co., Ltd., Corn Hill Insurance Co., Ltd., Edinburgh Insurance Co., Ltd., Reliance Marine Insurance Co., Ltd., United Scottish Insurance Co., Ltd., and Parcls & General Insurance Co., Ltd. That Branning Ins. Agency, Inc., in soliciting the writing of the Certificates of Coverage Nos. 7540 and 7541 and in accepting the Notices of Cargo Loss under Certificates of Coverage Nos. 7540 and 7541 for forwarding to the insurers therein, was acting as agent for and on behalf of the insurers and the said insurers were operating, conducting, engaging in or carrying on a business, or business venture, in the State of Florida, through their agent, Branning Ins. Agency, Inc. That by their action in operating, conducting, engaging in, or carrying on a business or business venture in the State of Florida, the above named insurers have designated the Secretary of State of Florida as their agent for accepting service of process in the State of Florida.”
In support of motion of garnishees to dismiss, there was filed an affidavit by Luke D. Lynch, a New York attorney for the garnishees. His affidavit set forth that the garnishees, Underwriters at Lloyd’s, London, British Aviation Insurance Co. Ltd., Oriion Insurance Co. Ltd., Cornhill Insur *27 ance Co. Ltd., Edinburgh Insurance Co. Ltd., Reliance Marine Insurance Co. Ltd.-, United Scottish Insurance Co. Ltd., Parcels and General Assurance Association, Ltd. were foreign corporations, and “do not operate, conduct, engage in or carry on and have never operated, conducted, engaged in or carried on any business in the State of Florida,” and further stated that the garnishees “do not maintain, nor have these Garnishees ever maintained any office, agent, or other representative for the transaction of business in the State of Florida,” and further stated that “this garnishment is based upon an alleged contract which was not entered into or negotiated in the State of Florida.”
On reviewing the evidentiary matter which was before the court we hold, on the authority of Forston v. Atlantic Engineering and Mfg. Corp., Fla.App.1962, 143 So.2d 364, and cases cited therein, that plaintiff made a sufficient showing that the garnishees had engaged in a business venture in this case to justify service under § 47.16, Fla.Stat., F.S.A., and therefore the order appealed is reversed.
Reversed.