**AJAX PACKAGING & PLASTICS, Inc. v. G. T. SCHJELDAHL CO.**
No. 65-L-2694.
Circuit Court, Dade County.
May 18, 1966.

166

Gladson & Knecht, Miami, for plaintiff.

Smathers & Thompson, Miami, for defendant.

JAMES LAWRENCE KING, Circuit Judge.

This cause came on to be heard before me upon motion to quash service of process and dismiss the cause filed herein, and the court having considered said motion, heard argument of counsel and being otherwise fully advised in the premises, finds —

The plaintiff, Ajax Packaging & Plastics, Inc., a Florida corporation, sought to invoke the jurisdiction of the circuit court by service upon the non-resident defendant, G. T. Schjeldahl Company, a foreign corporation, in accordance with the provisions of Florida Statutes 47.16(1) and 47.30 through service of process upon the secretary of state, on the theory that said corporation was doing business in the state of Florida.

The defendant, G. T. Schjeldahl Company, appeared specially and contested jurisdiction over the defendant on the grounds of insufficiency of process and of service of process.

The burden of establishing a situation that permits the use of substituted service of process under Florida Statutes 47.16 and 47.30 rests upon the party seeking to invoke jurisdiction of the court over the defendant, William E. Strasser Construction Corp. v. Linn, Fla. Sup. Ct., 97 So.2d 458.

The affidavit submitted on behalf of the plaintiff to justify substituted service of process, shows that the plaintiff and its partnership predecessor had periodically purchased bag making machinery from the defendant since 1956 through its salesman who resides in Dade County, Florida; that the defendant was paid directly for these purchases and that a Florida sales tax was collected by the defendant from the plaintiff and remitted to the state as required by law; and that the defendant sells similar type bag making machines to other businesses in Dade County and the cities of Tampa and

Jacksonville. In addition to selling these bag making machines, the defendant employs servicemen who install and service the machines.

The defendant's affidavit in support of motion to quash service of process states that it owns no property in the state of Florida nor does it maintain an office or agency or have a telephone listing in this state; that it has never engaged in the sale of its machines and equipment in the state of Florida and that it employs no salesman to sell its products in this state nor has it ever engaged in the service and installation of those machines and equipment in the state of Florida; that it does not and has never advertised its products in the state of Florida and that all sales of its products in the state are solicited by a salesman who is compensated on a commission basis and who does not maintain an office or conduct any advertising within this state for the defendant. All orders for products solicited in Florida are accepted by the defendant outside of the state.

One who operates, conducts, engages or carries on a business or business venture in this state is amenable to substituted service of process under provisions of Florida Statutes 47.16 and 47.30. One of the criteria in determining whether or not there is a business or business venture being carried on in the state is pecuniary benefit to the party allegedly doing business in the state, Florida Investment Enterprises, Inc., v. Kentucky Company, Fla., 160 So.2d 733. The obtaining of insurance business in the state through an agent here, together with the transmittal by that agent of a loss notice under an insurance policy to the foreign insurance carrier, was sufficient to have said carrier considered to be doing business in the state and therefore subject to substituted service of process under the applicable Florida statutes. Inter-Ocean Commerce Corp. v. Heller, Fla., 161 So.2d 25. A non-profit foreign corporation which, in accordance with one of the purposes for which it was formed, periodically inspected in the state of Florida, products manufactured by its members, was engaged in a business venture and therefore amenable to substituted service of process, Steel Joist Institute, Inc. v. J. H. Mann, III, Inc., Fla., 171 So.2d 625, and authorities cited therein. In determining whether substituted service of process is effective as against a certain defendant, each case must be resolved on the basis of its own particular facts. William E. Strasser Construction Corp. v. Linn, supra.

Based upon the foregoing, it is the opinion of this court that the plaintiff has met the burden of proof imposed upon it by law to show that it has properly complied with the applicable Florida statutes pertinent to service of process by substituted service upon the secretary of state and that accordingly this court has jurisdiction over the parties and subject matter herein.

It is therefore ordered and adjudged that the motion to quash service of process filed by the defendant, G. T. Schjeldahl Company, is denied, and the defendant shall have twenty days from date hereof within which to file such further pleadings as are indicated.