PIERCE, Judge.
This is an interlocutory appeal by Edmund F. O’Connell and Eve O’Connell, husband and wife, defendants in the lower Court, from an order denying their motion to dismiss, for lack of jurisdiction over their persons, a suit filed against them by William A. Loach, Jr., plaintiff below.
Plaintiff Loach filed his common law action against the O’Connells in the Collier County Circuit Court in May, 1966, seeking judgment against them for a real estate commission allegedly due. The O’Connells were nonresidents of Florida, so Loach effected service upon them by serving the Florida Secretary of State pursuant to the provisions of F.S. Sections 47.16 and 47.30, F.S.A. Defendants filed motion to dismiss the complaint for lack of jurisdiction over their persons. The Circuit Court denied the motion to dismiss, and the order of denial came to this Court by interlocutory appeal prosecuted by the O’Connells. On February 1, 1967, this Court reversed the lower Court’s order of dismissal, with leave to plaintiff Loach to amend his complaint. O’Connell v. Loach, Fla.App.1967, 194 So.2d 700.
Upon remand of the cause, Loach, on March 2, 1967, filed his second amended complaint, and on March 23, 1967, defendants again moved to dismiss on the ground of lack of jurisdiction over their persons. Both sides filed affidavits supporting their respective positions, and on April 12, 1967, the Court entered order, again denying defendants’ motion to dismiss. The O’Con-nells have brought the latest order of dismissal to this Court by interlocutory appeal, *352 making the sole contention here that they were not subject to legal service under the stated Sections.
F.S. Section 47.16 F.S.A., in its pertinent parts, provides:
“47.16 Service of process upon nonresidents engaging in business in state
“(1) The acceptance by any * * * persons * * * associated together * * * who are residents of any other state * * * of the privilege extended by law to nonresidents * * * to operate, conduct, engage in, or carry on a business or business venture in the state * * * shall be deemed equivalent to an appointment by such persons * * * of the secretary of state * * * as the agent of such persons * * * upon whom may be served all lawful process in any action, suit or proceeding against them, or either of them, arising out of any transaction or operation connected with or incidental to such business or business venture, and the acceptance of such privilege shall be signification of the agreement of such persons * * * that any such process against them or either of them, which is so served shall be of the same legal force and validity as if served personally on such persons * * * Service of such process shall be in accordance with and in the same manner as now provided for service of process upon nonresidents under the provisions of § 47.30.’’
F.S. Section 47.30, F.S.A. prescribes the legal mechanics for perfecting service against nonresident defendants through the Secretary of State’s office, but will be here omitted because it is not denied that the terms thereof were observed in the instant case.
So the point to be resolved is whether or not the O’Connells came within the purview of Section 47.16. And because this in turn depends upon the factual showing made to the Court by the pleadings and affidavits of the parties, the question more precisely is whether the Court abused its discretion in finding from those facts that the O’Con-nells were amenable to the statute. We hold the lower Court did not so abuse its discretion, and affirm.
In the former appeal this Court had before it an order denying a motion to dismiss based upon the allegations of Loach’s first amended compliant to bring the O’Con-nells within Section 47.16. The pertinent portions of said complaint are set forth in our former opinion (text 194 So.2d 701), but may be summarized as follows: that at all times apposite the defendants were buying and selling real property in Collier County; that from January, 1965 to February, 1966 defendants bought nine Collier County residential business sites and sold eight Collier County residential building sites, plus an additional tract of about 40 acres; that during such time they put up for sale certain other described property which they owned in Collier County; and that “by such purchase and resale of Collier County, Florida, real property the defendants are carrying on a business or business venture” as contemplated by Section 47.16. The cause of action itself was based upon a real estate broker’s commission allegedly due as result of Loach finding a purchaser for Collier County property owned by the O’Connells and listed by them with Loach for sale, but which deal was not consummated “because of a certain defect” in the O’Connells’ title not previously known by Loach.
The former appeal came to this Court bolstered by an affidavit of the O’Connells filed in the lower Court in support of their motion to dismiss to the effect that “they bought the property for their future use as retirement home building site but decided against using the site”, and that at no time had it “been held as a business or business venture”. Plaintiff Loach at that time filed no affidavit supporting the allegations of the complaint.
*353 This Court held upon the former appeal that the allegations in the complaint as to the buying and selling of property by the O’Connells, as against a motion to dismiss, might have been sufficient “to show that defendants were ‘doing business’ or conducting a ‘business venture’ within the meaning of” the Florida Statutes involved, citing cases, but pointed out that, in a case where service is sought under Section 47.16, the specific transaction constituting the cause of action sued upon must arise out of a “transaction or operation connected with or incidental to” such business or business venture. The opinion observed that, in the complaint there involved, the engaging in the numerous recited real estate transactions by the O’Connells was not by appropriate allegations tied in with the specific transaction wherein the real estate commission was claimed by Loach, and implied that such connection was essential. The case was reversed with leave to plaintiff Loach “to amend and other appropriate proceedings”.
Thereafter, Loach filed in the lower Court his second amended complaint which followed the aforesaid allegations of the former complaint, but with the additional added averment: “[fjhat connected with cmd arising out of the activities described in paragraph 4” (relating to the O’Connells engaging generally in the business of buying and selling real estate), the O’Connells owned and “placed for sale” with Loach as broker certain specified property, out of which arose Loach’s claim for commission. Affidavtis were filed on behalf of both parties in support and in opposition of that motion to dismiss. The trial Court held, upon the pleadings and affidavits submitted, that the O’Connells were engaged in a “business venture” and that the instant claim for real estate commission “arose out of and was connected with” such business venture. We are unable to hold the trial Judge in error in making such finding.
Each case involving service upon a nonresident pursuant to F.S. Section 47.16, F.S.A. can only be resolved on the basis of the facts revealed by the record in the particular case. And when the point is raised initially by motion to dismiss, and without the trial Court having the benefit of adversary face-to-face testimony, the allegations of the complaint, exhibits attached thereto, and the affidavits that may be submitted by the parties may alone be looked to to ascertain whether the requirements of the statute have been met sufficiently to show, at least prima facie, that the particular transaction sued upon was “connected with or incidental to” a “business or business venture” in Florida, engaged in by the defendant.
Undoubtedly the leading case in Florida on this question is State ex rel. Weber v. Register, Fla.1953, 67 So.2d 619. Certainly it is the most analogous in point of fact to the instant case. In Weber, one Driver had sued the nonresident Webers in the Polk County Circuit Court for recovery of a real estate broker’s commission. Driver had, in his capacity as a licensed real estate broker, effected the sale of an orange grove in Florida belonging to the Webers and claimed he “was entitled to a commission of $2,000 upon an agreed purchase price of $40,000.” Service of process was procured upon the Webers pursuant to Section 47.16. The Webers contended that the Polk County Circuit Court “had no jurisdiction of their persons and was therefore without jurisdiction to proceed” for the reason that they were not carrying on or engaging in “a business or business venture, in the State of Florida”. Driver contended that the owning of the orange grove by the Webers and their listing of the property with him for sale constituted the engaging by the Webers in a business venture in Florida, within the terms of the statute. (There was some contention that the operation, as well as the owning, of the citrus grove by the Webers constituted engaging in business, but such “operation” played no part in the final determination of the case).
The Webers filed original prohibition proceedings in the Supreme Court con *354 tending the Polk County Circuit Court had no jurisdiction over them as nonresidents. Rejecting such contention, the Supreme Court, through the late Justice Hobson, said:
“Although we do not agree that the listing of the grove property for sale was a ‘transaction or operation connected with or incidental to’ the business in which petitioners were engaged in this State, to wit: the maintenance and operation of a citrus grove, we believe that the allegations of the complaint filed by Mr. Driver demonstrate clearly that the purchase of the property and the subsequent listing of the same for sale amounted to engaging in a ‘business venture’ as contemplated by our statute.
“There is a vast difference between the words ‘a business’ and the words ‘business venture’ as used in Section 47.16, supra. One may engage in a ‘business venture’ without operating, conducting, engaging in or carrying on ‘a business.’ The listing of the grove for sale is proof of the fact that the purchase thereof was a ‘business venture.’ Moreover, the act of listing the property for sale amounted to a transaction ‘connected with or incidental to’ the ‘business venture’ which the Webers initiated when they acquired the grove.” (Quotations in text).
Judge Hobson summarized the views of the Supreme Court in Weber in the following language:
“We are constrained to the view that petitioners engaged in a business venture within the State of Florida when they made a contract with respondent Driver in and by which they employed him as a real estate broker to find a person, or persons, ready, able and willing to purchase the citrus grove owned by petitioners in this State which contract is enforceable in this jurisdiction.
^ ‡ 5jC % * ‡
“As was stated in the case of International Shoe Co. v. [State of] Washington, 326 U.S. 310, 66 S.Ct. 154, 158, 90 L.Ed. 95, 161 A.L.R. 1057:
“ ‘ * * * due process requires only that in order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend “traditional notions of fair play and substantial justice.” ’ ” (Emphasis supplied)
In Oxley v. Zmistowski, Fla.App.1961, 128 So.2d 186, decided by this Court, plaintiffs Oxley had filed suit against defendants Zmistowski and others for a declaratory decree regarding plaintiffs’ rights under an option contract that had developed into a somewhat ramified controversy between them, which the opinion went into in detail but which it is unnecessary here to review. The salient point involved in Oxley which is pertinent here is that the real estate deal between the parties was apparently the only commercial venture in Florida ever entered into by the nonresident Zmi-stowskies. However, this Court upheld a ruling by the Palm Beach County Circuit Court that the nonresident defendants were amenable to service of process under Section 47.16 in that they were “engaged in a business venture”. The views of this Court, speaking through Chief Judge Allen, were condensed in Oxley in the lone head note to the opinion as follows:
“Nonresidents, to whom plaintiffs had conveyed land within state allegedly as security for a usurious loan, which could, under an option contract, be repaid with over 100% interest in the form of repurchase of the land, were properly held to be engaged in a business venture in state sufficient to permit personal jurisdiction over them as nonresidents through service on Secretary of State. F.S.A. §§ 47.16, 47.30, 687.01 et seq.”
In Wm. E. Strasser Construction Corporation v. Linn, Fla.1957, 97 So.2d 458, the Supreme Court had under consideration a case in which a contractor had filed an ac *355 tion in the Dade County Circuit Court against nonresident defendants for alleged breach of a construction contract. The trial Judge had granted a motion of the nonresident defendants to dismiss the suit for lack of jurisdiction and non-amenability to Section 47.16. The Supreme Court, speaking through Justice Thornal, reversed the Circuit Court’s order, using the following language:
“The cited statute provides a method of substituted service of process in lieu of personal service. It is therefore necessary that one invoking the provisions of the statute carry the burden of presenting a situation that clearly justifies the application of the Act. Statutes of this nature are strictly construed and parties seeking to invoke them are required to bring themselves clearly within the provisions of the Act in order to render the substituted service of process effective against the defendants. Rorick v. Stil-well, 101 Fla. 4, 133 So. 609.
“We have also held that each case of this kind must be resolved on the basis of the facts revealed by the record in the particular case. While certain general principles may be said to prevail the application of these principles will be governed by the factual situation presented by a particular record. Mason v. Mason Products Company, Fla.1953, 67 So.2d 762.
“Inasmuch as no testimony was taken and the matter was disposed of on a motion to dismiss precipitated by the special appearance, we must look to the allegations of the amended complaint with supporting exhibits in order to ascertain whether the appellant has met the requirements of the statute with sufficient allegations to reveal that the appellees were engaging in or _ conducting a business or business venture in Florida * *
“This statute was before this Court and was thoroughly construed in State ex rel. Weber v. Register, Fla.1953, 67 So.2d 619. We find no substantial distinction between the case last cited and the case at bar.” (Emphasis supplied)
The averments of the second amended complaint in the case sub judice, together with the exhibits thereto and the affidavits filed by the parties, clearly bring the defendants O’Connell within the purview of Section 47.16 as construed in the foregoing cases. From the showing made, the trial Judge was warranted in finding: that the real estate commission accrued to Loach on April 29, 1965; that between January 29, 1965 and February 25, 1966 the O’Connells purchased nine Collier County residential building sites; that they sold eight Collier County residential business sites, and also an additional 40 acre tract; that the real estate commission was connected with and arose out of the land dealings in Collier County as described; that eight of the aforesaid land parcels deeded to the O’Con-nells were so conveyed, according to the affidavit of William B. Stone, whose corporation was the grantor, “at my suggestion in order to free some capital from investment in property, so that it could be used in my construction business. The whole transaction was in the nature of a loan and the lots * * * were conveyed to protect [the O’Connells]. The deeds from [the O’Connells back to the corporation] all represent a re-conveyance of the property conveyed * * * in accordance with a pre-arranged price schedule”; that the instant transaction, out of which arose the claim for commission, was not the first real estate deal handled by Loach for the O’Connells, but he had previously handled property deals for them; and that the O’Connells were continually “holding an inventory” of property for business reasons. The various parcels involved were particularized and authenticated in the pleadings, exhibits and affidavits.
Our conclusion from the record here is that the O’Connells were “engaging in a *356 business venture” if not actually “engaging in business” in Florida, and that the lower Court was correct in so holding.
Affirmed.
LILES, C. J., and ALLEN, J., concur.