PER CURIAM.
This is an interlocutory appeal from an order deleting Bernard Feinberg and Max Seigel as party defendants for the reason that service of process was not perfected upon them.
It appears from the record that the Statutory Mechanics in perfecting service of process on the individual non-residents, Feinberg and Seigel, pursuant to the “long arm” statutes (F.S. § 48.161-48.19, F.S.A.) were complied with. The question to be decided by this court is whether or not the said appellees have had sufficient “minimum contact” with the State of Florida to subject them to this manner of process.
In the amended complaint, with the attached exhibits, it is alleged in substance, that the said plaintiffs and defendants had entered into a joint venture wherein the plaintiffs paid certain money to the ap-pellees for the purpose of buying certain real estate in Florida; and that the said defendants bought a motel in Fort Walton Beach, Florida, and on the same date leased the same to Fort Walton Vincent, Inc., a Florida corporation, in which the said defendants were the majority stockholders.
Without going into further details, we hold that the facts in this case are sufficient to bring this case within the holdings of the Supreme Court of Florida in the case of State ex. rel. Weber, et ux. v. Register, 67 So.2d 619 (1953) and Wm. E. *300 Strasser Construction Corporation v. Linn, 97 So.2d 458 (1957), and that the trial court was in error in deleting said individual appellees-defendants, as defendants in said cause. It appears to us, and we so hold, that said process was valid.
Reversed and remanded to the lower court, with directions to reinstate said defendants, with said defendants being given twenty (20) days within which to plead as they might be advised.
SPECTOR, C. J., and CARROLL, DONALD K., and JOHNSON, JJ., concur.