PER CURIAM.
The plaintiff, CommerceBank, N.A., appeals from a non-final order vacating a final default judgment. We reverse.
On August 25, 1983, Howard E. Taylor executed and delivered a promissory note in the amount or $400,000 to CommerceBank, which is located in Miami, Florida. Taylor failed to make payments as required by the note and CommerceBank filed a complaint. CommerceBank attempted service of process on Taylor in New York, but it was returned unclaimed. On February 21, 1985, CommerceBank filed an amended complaint for nonpayment pursuant to section 48.181, Florida Statutes (Supp.1984), in an attempt to invoke jurisdiction over Taylor as a nonresident engaging in business in Florida.
Service of process was attempted at his New York home address and his New York work address. Pursuant to section 48.181, process was also served on the Secretary of State of Florida as a substitute for personal service on Taylor. Several other attempts were made to serve Taylor in New York, but the process server was repeatedly told Taylor was not there. On January 24, 1985, the trial court entered a final default judgment against Taylor in the amount of $231,023.54.
On November 20, 1987, Taylor’s attorney wrote a letter to Commerce’s attorney acknowledging the judgment against Taylor and requesting a discussion about settlement. This was followed by a letter dated December 9, 1987, which proposed a settlement of $15,000. On March 2, 1994, Taylor moved to set aside the 1985 judgment against him for lack of jurisdiction. The trial court granted Taylor’s motion to vacate the final judgment finding that CommerceBank failed to properly plead section 48.181 in its amended complaint and, thereby, failed to invoke jurisdiction over Taylor.
CommerceBank contends that the trial court abused its discretion in finding that it did not properly plead that Taylor was engaging in business in Florida as required by section 48.181. We agree.
Rule 1.070(i), Florida Rules of Civil Procedure (1984), states that “[w]hen service of process is to be made on nonresidents of Florida, it is sufficient to plead the basis for service in the language of the statutes without pleading the facts supporting service.” To perfect service pursuant to section 48.181, the plaintiff is required to allege that the defendant is either a resident of a foreign state or country, a resident of Florida who subsequently becomes a nonresident, or a resident of Florida who conceals his whereabouts and that the cause of action arises from business activities conducted in Florida. See Esberger v. First Fla. Business Consultants, Inc., 338 So.2d 561 (Fla. 2d DCA 1976); O’Connell v. Loach, 203 So.2d 350 (Fla. 2d DCA 1967).
Section 48.181 describes what constitutes conducting business activities in Florida as “to operate, conduct, engage in, or carry on a business or business venture in the state.” “The single act of signing a contractual agreement within the forum state may constitute sufficient minimum contacts to sustain the exercise of in personam jurisdiction over a nonresident in subsequent suit for breach of the agreement.” DeMarco v. Cayman Overseas Reinsurance Ass’n, Ltd., 460 So.2d 547, 549 (Fla. 5th DCA 1984). Moreover, the execution of a promissory note “has been construed as a business venture.” International Graphics, Inc. v. MTA Travel Ways, Inc., 71 F.R.D. 598, 604 (S.D.Fla.1976).
In the instant case, the amended complaint followed the language of section 48.181 and specifically alleged that Taylor was no longer a resident of Florida or was concealing his whereabouts and that he executed and delivered a promissory note to CommerceBank in Dade County, Florida, due and payable in Dade County, which note Taylor failed and refused to pay. Under the facts as presented, Taylor executed a promissory note in Florida and thereby accepted the privilege of engaging in a business venture in this state so as to' be subject to the exercise of Florida’s long-arm jurisdiction under section 48.-181. We find that the allegations set forth in the amended complaint were sufficient and that, therefore, substituted service under section 48.161 was valid.
Accordingly, the trial court’s order vacating the final default judgment is reversed.