682 So.2d 1185 (1996)
Fawaz FAROUKI, Appellant,
v.
ATTEL et CIE, a corporation organized under the laws of Switzerland, Profit Technology, Inc., a Delaware corporation; and David Braus, Escrow Agent, Appellees.
Nos. 96-0453, 96-3167.
District Court of Appeal of Florida, Fourth District.
November 13, 1996.
*1186 David M. Beckerman of Felberbaum & Beckerman, P.A., Boca Raton, for appellant.
James D. Whisenand of Whisenand & Turner, P.A., Miami, for Appellee-Attel et Cie.
GUNTHER, Chief Judge.
In this consolidated case, Fawaz Farouki (Farouki) appeals an order denying his motion to quash service of process and the default entered against him. He also petitions the court for a writ of certiorari asserting the trial court erred in denying his motion for protective order. As a consequence of reversing the order denying the motion to quash, we grant the writ, reverse the denial of the motion for protective order, and remand with instructions to grant the motions and set aside the default.
Appellee, Attel et Cie (Attel), brought suit against Profit Technology, Inc. (PTI) and Farouki, individually, seeking contract and tort damages. Attel's complaint alleges that Farouki was a Florida resident at the time of the wrongdoing and that he had been chief executive officer, president, and director of PTI, a Florida corporation. However, the complaint fails to allege that Farouki, individually, did business in Florida, had become a nonresident, or was concealing his whereabouts. After failing to personally serve process on Farouki, Attel substituted service on Florida's secretary of state, pursuant to section 48.181(1), Florida Statutes (1995). Farouki then moved to quash service of process, his motion was denied, and this appeal followed.
When serving process under statutes authorizing service on nonresidents of Florida, the plaintiff must plead the actual statutory language, or allegations of the ultimate facts that invoke the statute. Fla.R.Civ.P. 1.070(h); see Wiggam v. Bamford, 562 So.2d 389, 390 (Fla. 4th DCA 1990). It is well settled that "[t]o support substituted service of process on a defendant, the complaint must allege the jurisdictional requirements prescribed by statute. If it fails to do so then a motion to quash process should be granted." Drake v. Scharlau, 353 So.2d 961, 964 (Fla. 2d DCA 1978); see Wiggam, 562 So.2d at 390; Ferguson v. McWilliams, 483 So.2d 509 (Fla. 4th DCA 1986).
In the instant case, Attel substituted service under section 48.181(1), which provides, inter alia, that Florida's secretary of state can accept service for any former Florida resident who previously conducted business in Florida but subsequently becomes a nonresident, or any Florida resident who conceals his or her whereabouts. § 48.181(1).
Although Attel pled that Farouki was a Florida resident at the time of the alleged wrongdoing and had served in various executive capacities with PTI, these allegations, standing alone, are insufficient to support substituted service. Id.; Fla. R. Civ. P. 1.070(h); see Drake, 353 So.2d at 964. Because Attel failed to plead the required actual statutory language or to allege the ultimate facts that invoke the statute, he could not perfect substituted service on Farouki. § 48.181(1); Fla. R. Civ. P. 1.070(h); see Wiggam, 562 So.2d at 390.
Further, another defect in Attel's complaint is illustrated by A.B.L. Realty Corp. v. Cohl, 384 So.2d 1351 (Fla. 4th DCA 1980). There it was held that absent allegations that the individual defendants acting in their individual capacities had engaged in business in Florida, service upon the secretary of state under the long-arm statute could not constitute service upon them as individuals. Id. at 1356. Likewise, Attel's complaint suffers the same infirmity. Thus, these pleading defects render substituted service of process insufficient and preclude Farouki from coming under the trial court's jurisdiction.
While this appeal was pending, Attel sought to depose Farouki by mailing a notice of taking deposition to Farouki's attorney's office. Farouki responded by filing a motion for a protective order. After the trial court denied his motion, Farouki filed this petition for writ of certiorari and requested that the appeal and the petition be consolidated.
In consolidating the two cases, we hold that because the trial court lacked jurisdiction *1187 over Farouki, the trial court erred in denying Farouki's motion to quash and motion for protective order. Accordingly, we reverse the orders denying Farouki's motions, grant the petition for a writ of certiorari, and remand with instructions to grant Farouki's motions, without prejudice to Attel to amend its complaint, and to set aside the default entered against Farouki.
REVERSED, PETITION GRANTED AND REMANDED WITH INSTRUCTIONS.
STONE and WARNER, JJ., concur.