RAMIREZ, J.
Appellant/Defendant General de Segu-ros, S.A. appeals the entry of a non-final order denying a motion to vacate a default and quash service of process. Because Appellee/Plaintiff Consolidated Property and Casualty Insurance Company failed to allege sufficient facts to invoke long-arm jurisdiction over General pursuant to section 48.181, Florida Statutes (1999), we reverse.
In its Complaint, Consolidated alleges that General:
[EJngaged in acts subjecting it to the long-arm jurisdiction of the State of *991 Florida by contracting to insure persons, property and/or risks located within the State of Florida and breaching a contract in the State of Florida by failing to perform acts required by the contract to be performed in this State, (emphasis added).
Service of process was effectuated by substituted service upon the Secretary of State pursuant to section 48.181, Florida Statutes (1999).
Section 48.181, Florida Statutes (1999), permits service on non-residents engaging in business in this state as follows:
(1) The acceptance by any person or persons ... who are residents of any other state or country, and all foreign corporations ... of the privilege extended by law to nonresidents and others to operate, conduct, engage in, or carry on a business or business venture in this state, or to have an office or agency in the state, constitutes an appointment by the persons and foreign corporations of the Secretary of State of the state as their agent on whom all process in any action or proceeding against them ... arising out of any transaction or operation connected with or incidental to the business or business venture may be served, (emphasis added).
In order to use substituted service of process pursuant to this section, the statutory basis must be strictly complied with and must be alleged in the complaint consistent with those statutory requirements. See Pelycado Onroerend Goed B.V. v. Ruthenberg, 635 So.2d 1001, 1003 (Fla. 5th DCA 1994)(absent strict compliance with the statutory requirements for substituted service, a court lacks jurisdiction); see also Farouki v. Attel et Cie, 682 So.2d 1185, 1186 (Fla. 4th DCA 1996); Drake v. Scharlau, 353 So.2d 961 (Fla. 2d DCA 1978).
In this case, Consolidated merely alleges that General contracted to insure persons, property and/or risks located within this state and breached a contract in this state by failing to perform acts required under the contract to be performed in this state. However, for purposes of section 48.181(1), Florida Statutes (1999), the allegations that General contracted to insure persons, property and/or risks located in this state is not the same as alleging that General operated, conducted, engaged in, or carried on business or a business venture in this state. Thus, the complaint does not contain sufficient allegations to permit substitute service on the Secretary of State pursuant to section 48.181.
Even if substitute service had been authorized, it was not properly effectuated in this case because Consolidated served a copy of the process upon General by private courier, Federal Express. Florida courts have frequently held that where substitute service of process is used, strict compliance with the statutes authorizing this form of service is essential to obtaining valid personal jurisdiction over the defendant. See Federal Nat’l Mortgage Ass’n v. Fandino, 751 So.2d 752, 753 (Fla. 3d DCA 2000); Linn v. Kidd, 714 So.2d 1185, 1187 (Fla. 1st DCA 1998); Floyd v. Federal Nat’l Mortgage Ass’n, 704 So.2d 1110, 1112 (Fla. 5th DCA 1998); Wyatt v. Haese, 649 So.2d 905, 907 (Fla. 4th DCA 1995). Section 48.194(2)(a) requires, among other things, that the plaintiff serve the defendant, via registered mail, a copy of the original process and complaint. We recently concluded that service via Federal Express international air waybills did not, strictly speaking, satisfy the statutory requirement that substituted service be made by registered mail. See Federal Nat’l Mortgage Ass’n v. Fandino.
We hold, therefore, that the trial court lacked jurisdiction in this case because substituted service was not perfected in accordance with the relevant statutes. Consequently, we reverse with directions that the motion to vacate the default judgment be granted and that service of process on General be quashed.
Reversed.