DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MISCHA HERFF,** Individually,
Appellant,

v.

**WESTON PROPERTIES, LLC,** a Florida limited liability company,
Appellee.

No. 4D21-2668

[March 9, 2022]

Appeal of a nonfinal order from the County Court for the Seventeenth Judicial Circuit, Broward County; Daniel J. Kanner, Judge; L.T. Case No. COCE20-001208.

Robert Fast of The Fast Law Firm, Fort Lauderdale, for appellant.

Joseph S. Hughes of The Law Office of Joseph Hughes, P.A., Fort Lauderdale, for appellee.

PER CURIAM.

We reverse the order denying the former tenant's motion to quash service of process in this breach of lease action. The tenant has established that substituted service on the Florida Secretary of State pursuant to section 48.181(1), Florida Statutes (2020), was not authorized in this case because the tenant was not "operating, conducting, engaging in, or carrying on a business or business venture" in Florida within the meaning of the statute. *Id.*

We are bound by the Florida Supreme Court's pronouncement in *Dinsmore v. Martin Blumenthal Associates, Inc.*, 314 So. 2d 561, 564 (Fla. 1975), that "[t]he activities of the person sought to be served pursuant to Fla. Stat. [section] 48.181(1) must be considered collectively and show a general course of business activity in the State for pecuniary benefit." *See also DeVaney v. Rumsch*, 228 So. 2d 904, 906–07 (Fla. 1969) ("We hold the intent of the Legislature in enacting Florida Statute [section] 48.181, . . . to be that any individual or corporation who has exercised the privilege of practicing a profession or otherwise dealing in goods, services or property, whether in a professional or nonprofessional capacity, within the State in

anticipation of economic gain, be regarded as operating a business or business venture for the purpose of service under Florida Statute [section] 48.181, . . . in suits resulting from their activity within the State.").

The tenant merely rented a private residence in Florida, and no evidence was presented that by doing so he engaged in any business activity for pecuniary benefit as required by the above cases.

We recognize an apparent conflict between decisions of our sister courts. *Compare Lyster v. Round*, 276 So. 2d 186, 188 (Fla. 1st DCA 1973) (holding that "the isolated act of buying a home in Florida" did not qualify as engaging in business in Florida to allow for substituted service on the Secretary of State under the statute), *and Hayes v. Greenwald*, 149 So. 2d 586 (Fla. 3d DCA 1963) (similar), *with Commerce Bank, N.A. v. Taylor*, 639 So. 2d 1058, 1059 (Fla. 3d DCA 1994) (holding that substituted service was proper based on defendant's single act of entering into a promissory note in Florida and then failing to pay), *and Maryland Cas. Co. v. Hartford Acc. & Indem. Co.*, 264 So. 2d 842, 844 (Fla. 1st DCA 1972) (holding that non-resident's act of contracting with a Florida hospital for services constituted engaging in business allowing for substituted service under the statute), *and McCarthy v. Little River Bank and Trust Co.*, 224 So. 2d 338, 341 (Fla. 3d DCA 1969) (holding that participating in the proceeds of an uncle's estate constitutes a business venture under section 48.181).

*Reversed and remanded for further proceedings.*

GROSS, KUNTZ and ARTAU, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***