721 So.2d 1241 (1998)
Nicole Marie NICHOLAS, Linda M. Nicholas and Emory Nicholas, Appellants,
v.
Joseph I. ROSS, Appellee.
No. 98-2524.
District Court of Appeal of Florida, Fourth District.
December 23, 1998.
*1242 Richard A. Kupfer of Richard A. Kupfer, P.A., West Palm Beach, for appellant.
Joseph I. Ross, West Palm Beach, pro se.
WARNER, J.
This is an appeal of an order denying a motion to dismiss or transfer venue to Hillsborough County, Florida. Because the complaint fails to show a proper ground for venue in Palm Beach County, we reverse.
As assignee of claims of Beverly Limited, a foreign corporation, appellee Joseph Ross sued the appellants for damages resulting from wire transfers totaling $210,000 from Beverly Limited's accounts in Cayman Island banks to the individual account of appellant Nicole Nicholas in Tampa, Florida. The complaint states causes of action for monies due, civil theft, conversion, conspiracy, unjust enrichment and injunction. Attached to the complaint as exhibit A is the assignment of the cause of action from Beverly Limited to the appellee. That assignment states that it is transferring to appellee "[f]ull rights to collect and recover any and all sums due Beverly Limited of all wires, see attached exhibits A-K [not attached to the complaint] transferred and or requested to be transferred on [listing of dates and amounts transferred] to the individual account of Nicole Nicholas, Suncoast Federal Credit Union, 6801 East Hillsborough, Tampa ...." (emphasis supplied).
The appellants moved to dismiss the cause of action for improper venue, alleging that they were residents of Hillsborough County. The trial court held a hearing on the motion, at which time the appellee admitted that he did not know where the cause of action accrued, but asserted that it could have accrued in Palm Beach County. Appellee urged that venue was proper here as appellants had failed to prove otherwise. The trial court denied the motion, resulting in this appeal.
The venue statute provides that an action may be brought in the county where the defendant resides, where the cause of action accrued, or where the property in litigation is located. See § 47.011, Fla. Stat. (1997). The plaintiff has the option of venue selection so long as that selection is one of the statutory alternatives. See Oliver v. Severance, 542 So.2d 408, 409 (Fla. 1st DCA 1989). But the plaintiff must allege in the complaint a sufficient basis for the selected venue. See Goedmakers v. Goedmakers, 520 So.2d 575, 578 (Fla.1988); Perry Bldg. Sys., Inc. v. Hayes & Bates, Inc., 361 So.2d 443, 444 (Fla. 1st DCA 1978).
The complaint fails to allege a sufficient basis for the selection of venue in Palm Beach County, and, in fact, makes no allegations to show that the cause of action accrued *1243 here. Instead, the allegations support venue in Hillsborough, as the residence of the defendants is listed as Hillsborough County and the exhibit attached to the complaint indicates that the wire transfers were sent to appellant's account in Hillsborough County. Since a complaint incorporates the exhibits attached, that exhibit is considered part of the pleadings. See Fla.R.Civ.P. 1.130(b); Harry Pepper & Assocs., Inc. v. Lasseter, 247 So.2d 736, 736 (Fla. 3d DCA 1971). Thus, the cause of action accrued when appellant obtained possession of the funds by deposit to her account, which took place in Hillsborough County. As both the residence of the defendant and the place of accrual of the cause of action are in Hillsborough County, according to the allegations of the complaint, the court erred in denying the motion to transfer venue.
Reversed and remanded with directions to transfer the cause to Hillsborough County.
KLEIN and TAYLOR, JJ., concur.