PER CURIAM.
Appellant seeks review of a non-final order denying its motion to dismiss for lack of personal jurisdiction. We have jurisdiction. Fla. R.App. P. 9.130(a)(3)(C)(i). On its face, appellee’s third amended com- *574 plamt (including exhibit) was legally insufficient to plead a basis for personal jurisdiction over appellant because it neither pled the alleged basis for jurisdiction pursuant to the language of section 48.193(1), Florida Statutes (2001), nor alleged facts which, if true, would be sufficient to support jurisdiction. See Venetian Salami Co. v. Parthenais, 554 So.2d 499, 502 (Fla.1989) (citing what is now Florida Rule of Civil Procedure 1.070(h)). Accordingly, the trial court should have granted appellant’s motion to dismiss. Because it did not, we reverse, and remand with directions that it enter an order vacating its prior order and dismissing, as to appellant, appellee’s third amended complaint for lack of personal jurisdiction.
REVERSED and REMANDED, with directions.
WEBSTER, PADOVANO and POLSTON, JJ., concur.