849 So.2d 1196 (2003)
GEICO GENERAL INSURANCE COMPANY, INC., a foreign corporation, Appellant,
v.
Joann GRACI, Appellee.
No. 4D02-4947.
District Court of Appeal of Florida, Fourth District.
July 23, 2003.
*1197 Elizabeth C. Wheeler of Elizabeth C. Wheeler, P.A., Orlando, and C. Kennon Hendrix of Hendrix & Brennan, Vero Beach, for appellant.
Laurence C. Huttman and Guy Bennett Rubin of Rubin & Rubin, Stuart, for appellee.
OWEN, WILLIAM C., Jr., Senior Judge.
In this non-final appeal from an order denying appellant's motion to change venue to Martin County we are presented with the issue of where the plaintiff's cause of action accrued. Because the gravamen of appellee's suit against her uninsured motorist insurer is not, as she alleged, for breach of contract occurring in St. Lucie County, but rather is for a determination of her entitlement to, and amount of, damages caused by an automobile collision occurring in Martin County, we reverse on the holding that her cause of action accrued in Martin county.
Appellee Joann Graci ("Graci"), a resident of St. Lucie County, is a named insured under an uninsured motorist policy issued by appellant, Geico General Insurance Company, Inc. ("Geico"). While driving her insured vehicle in Martin County, she sustained bodily injuries as a result of a collision with another automobile. Graci, joined by her husband, initially filed suit in Martin County against the tortfeasors, alleging that the collision was caused by the negligent and reckless manner in which Carolyn Tattrie, while intoxicated, operated a vehicle owned by Hepsy Sherman. Plaintiffs alleged that as a direct result, Graci sustained bodily injury and resulting pain and suffering, disability and disfigurement, mental anguish, and loss of capacity for enjoyment of life, all of which are permanent in nature; further, she had incurred in the past and would incur in the future expenses of hospitalization, medical and nursing care and treatment, and had *1198 undergone in the past and will be required to undergo in the future surgery on her spine and knee. Plaintiffs sought compensatory damages against the owner and both compensatory and punitive damages against Tattrie.
Subsequently, plaintiffs amended the complaint to add Geico as a defendant. In the Count against Geico, plaintiffs adopted by reference the allegations of negligence and injury, and further alleged: (1) the existence of the policy which was issued in St. Lucie County, a copy of which was attached as an exhibit; (2) that plaintiffs had exhausted all insurance proceeds available under the tortfeasors' liability policy and because their damages exceeded the amount of the tortfeasors' insurance coverage, they were entitled to underinsured motorist benefits up to the limits of Geico's policy; (3) the nature and extent of the permanent bodily injuries sustained by Graci and the expenses incurred in care and treatment thereof; and (4) that Graci had demanded payment under the policy but Geico had denied coverage and refused to pay.
Shortly before the case was scheduled to go to trial in Martin County, plaintiffs sought a change of venue to St. Lucie County. Upon denial of their motion for change of venue, plaintiffs filed a voluntary dismissal with notice of intent to refile in St. Lucie County. The present case was then filed in St. Lucie county.
With the exceptions noted below, the complaint in this case is identical in all material respects to the amended complaint dismissed in Martin County. Here, Joann Graci is the sole plaintiff, Sherman is no longer a defendant, and the claim against Tattrie is for punitive damages only. As to Geico, the plaintiff added two allegations; one to the effect that Geico employs agents or representatives in St. Lucie County; the other, unsupported by any ultimate facts, that "the cause of action alleged herein accrued in St. Lucie County, Florida" and "the insurance policy was ... breached in St. Lucie County, Florida." The only breach alleged was that plaintiff had demanded payment under the policy but Geico had denied coverage and refused payment.
In its answer to the complaint, Geico admitted the validity of the policy but denied its breach, and asserted various affirmative defenses. Geico also filed its motion for change of venue to Martin County, supported by an affidavit of its claims adjuster stating that Geico is a foreign corporation authorized to do business in Florida but does not maintain an office in St. Lucie County nor does any agent or representative of Geico reside or have an office in St. Lucie County. The trial court's order denying the motion for change of venue found that (1) the action against Geico is for breach of contract; (2) venue is proper in the county where the breach occurred; (3) the complaint alleged that the contract of insurance was breached in St. Lucie County; and (4) because the claims adjuster's affidavit did not refute this latter allegation it would be accepted as correct and plaintiff's venue selection left undisturbed.
Of the several venue selections authorized by either section 47.011 or section 47.051, Fla. Stat., the only one which would be applicable is the county where the cause of action accrued. The trial court was persuaded by Graci's argument that her cause of action against Geico is for a breach of contract which accrued where the breach was alleged to have occurred, i.e., in St. Lucie County, an argument that she makes here as well. However, with due appreciation for the plaintiff's ingenuity, we find that the allegations of the complaint, when coupled with the clear provisions of the policy attached as an exhibit, simply do not set forth a claim for *1199 breach of contract no matter what label is chosen for the cause of action.
The only breach of the contract alleged in the complaint was that "plaintiff has demanded payment under the insurance policy from Geico, but Geico has ... refused to pay." An insurer's refusal to meet an insured's demand for payment under a policy is not a breach if no payment is then due. Because the policy of insurance was attached to the complaint as an exhibit, it is considered a part of the pleadings. See, Fla. R. Civ. P 1.130(b); Nicholas v. Ross, 721 So.2d 1241,1243 (Fla. 4th DCA 1998). When there are conflicts between the allegations and documents attached as exhibits, the plain language of the documents control. Health Application Sys., Inc. v. Hartford Life and Accident Ins. Co., 381 So.2d 294, 297 (Fla. 1st DCA 1980). The plain language of the policy affirmatively established, in two significant aspects, that no payment from Geico is presently due under the policy and, thus, the alleged breach is non-existent.
First, Geico's obligation under the policy is to pay damages for bodily injury caused by accident which the insured is legally entitled to recover from the owner or operator of the uninsured auto. The amount which Graci is legally entitled to recover from the tortfeasors has yet to be determined, in fact, her counsel admitted to the trial court, during argument on the motion for change of venue, that the amount was unliquidated. Second, the policy provides that if, as here, there are disputes between an insured and Geico as to liability and damages the insured shall sue the owner or operator of the uninsured auto and Geico to have the issues of legal entitlement and amount of damages determined. The complaint clearly shows that the present suit is to resolve the dispute as to liability and damages in the precise manner provided by the contract for the resolution of such a dispute. It cannot be successfully argued that Geico breached the policy by invoking its explicit provisions.
Despite Graci's allegations that the contract of insurance was breached and that the breach occurred in St. Lucie County, we find those allegations are trumped by the policy language referred to above showing that the alleged breach is not, in fact, a breach at all. Without the breach, the failure of Geico's affidavit to refute Graci's allegation that the cause of action accrued in St. Lucie County is irrelevant and the basis for the trial court's finding that Graci's cause of action accrued in St. Lucie County evaporates.
Although Graci's action against Geico is, indeed, an action on the contract of insurance, it is not an action for a breach of that contract; rather, it is an action filed pursuant to the contract. A cursory examination reveals that it is for the purpose of having a determination made of the amount of compensatory damages, if any, to which Graci is entitled under the policy. The gravamen of the action, therefore, is the same as that which the insured has against the underinsured third party tortfeasor for damages for bodily injuries. State Farm Mut. Auto. Ins. Co. v. Kilbreath, 419 So.2d 632 (Fla.1982). We know, at least for the purpose of determining when the statute of limitations begins, that the insured's cause of action for an underinsured motorist claim accrues on the date of the accident. Woodall v. Travelers Indem. Co., 699 So.2d 1361,1363 (Fla. 1997). If the cause of action accrues on the date of the accident, and the right of action stems from the plaintiff's right of action against the tortfeasor, Kilbreath 419 So.2d at 633, we see no logical reason why the cause of action cannot likewise accrue at the place of the accident. Since the accident occurred in Martin County, we *1200 hold that is where the cause of action accrued.
REVERSED.
GROSS and HAZOURI, JJ., concur.