913 So.2d 679 (2005)
Beatriz L. LABBEE, Appellant,
v.
James B. HARRINGTON, Appellee.
No. 3D05-648.
District Court of Appeal of Florida, Third District.
September 21, 2005.
*680 Knecht & Knecht and Harold C. Knecht, Jr., Miami, for appellant.
Michael I. Bernstein, for appellee.
Before, WELLS, SUAREZ, and CORTIAS, JJ.
CORTIAS, Judge.
The plaintiff, Beatriz L. Labbee ("Labbee"), appeals from a non-final order vacating a final default judgment against the defendant, James B. Harrington ("Harrington"). We reverse.
On June 13, 1998, Labbee entered into a residential sale and purchase contract with Harrington, the owner and seller of a condominium unit located in Miami, Florida ("property"). Sylvia Bazo ("Bazo"), a licensed realtor, signed the subject real estate contract and all other incidental papers through the use of a power of attorney given to her by Harrington. Bazo was employed by Frank J. Cobo and Associates, Inc. ("Cobo"), which served as the real estate broker in the sale transaction between Labbee and Harrington.
Bazo signed a disclosure statement, upon which Labbee relied, stating that the roof of the property was three months old and had never leaked since Harrington purchased the property in 1973. However, Labbee claims that the roof of the property leaked to such an extent that the beams supporting the roof rotted and had to be replaced by Labbee, and that this problem existed at the time the parties entered into the contract. After incurring monetary damages for repair, Labbee sued Harrington, Bazo, and Cobo for breach of contract, fraud in the inducement, negligent supervision, and breach of fiduciary duty.[1]
On December 1, 2003, Labbee served a Third Amended Complaint on Bazo as Harrington's Florida agent. Bazo notified Harrington of the lawsuit. On December 5, 2003, after failing to personally serve Harrington, a resident of Puerto Rico, Labbee availed herself of Florida's long-arm statute and served Harrington by substituted service of process on Florida's Secretary of State.
*681 In February 2004, Labbee served Harrington with a motion for final entry of default, and on March 1, 2004, final judgment on the issue of liability was entered against Harrington. On November 17, 2004, Labbee served Harrington with a motion for final entry of default judgment and a notice of hearing on the motion. On December 8, 2004, the lower court conducted a hearing on Labbee's motion and entered a final judgment in the amount of $18,923 which reflected the amount of damages plus interest, reduced by the settlement with Bazo.
Thereafter, Labbee directed a motion for issuance of a writ of garnishment to a Florida bank ("bank"), where Harrington maintained a checking and savings account. On January 4, 2005, the bank served its answer, reflecting a hold on the funds. Also, on January 4, 2005, Harrington served a Motion by Special Appearance for Vacatur and Relief from Judgment, Dismissal of Plaintiff's Complaint for Lack of Personal Jurisdiction and Invalid Service of Process, Dissolution of Garnishment, and Entry of Sanctions.
Harrington contended that the court failed to obtain jurisdiction over him because service of process was not perfected. Specifically, Harrington challenged the legal sufficiency of Labbee's complaint to support substituted service of process on the Secretary of State. Since Harrington elected not to file affidavits in opposition to the jurisdictional allegations in Labbee's complaint, Harrington cannot dispute the alleged facts of the complaint. Electro Eng'g Products Co. v. Lewis, 352 So.2d 862, 864 (Fla.1977); Elmex Corp. v. Atl. Fed. Sav. & Loan Ass'n, 325 So.2d 58, 61-62 (Fla. 4th DCA 1976) (noting that a defendant's unsubstantiated challenge as to the sufficiency of allegations in a complaint relating to long-arm jurisdiction must be treated as an admission that all facts are properly pled). Rather, Harrington asserted that, as a matter of law, such facts are nevertheless legally insufficient to fall within the ambit of the long-arm statute.
The court granted Harrington's motion for vacatur and relief from judgment and granted the dissolution of garnishment and sanctions. The court found that Labbee failed to properly plead "the actual statutory language or allegations of the ultimate facts" under section 48.181, Florida Statutes (2003), thereby failing to invoke jurisdiction over Harrington. The court stated that Labbee "failed to allege that Harrington is `either a resident of a foreign state or country, a resident of Florida who subsequently becomes a nonresident, or a resident of Florida who conceals his whereabouts and that the cause of action arises from business activities conducted in Florida.'" The court further found that Labbee failed to allege that the action accrued either in Miami-Dade County, Florida or the State of Florida.
The determination of whether the trial court properly ruled on a motion to dismiss for lack of personal jurisdiction is a question of law subject to de novo review. Execu-Tech Bus. Sys., Inc. v. New Oji Paper Co. Ltd., 752 So.2d 582, 584 (Fla.2000); Northwestern Aircraft Capital Corp. v. Stewart, 842 So.2d 190, 193 (Fla. 5th DCA 2003).
The issue on appeal is whether Labbee's complaint is facially sufficient in setting forth jurisdictional allegations giving rise to the use of substituted service on the Secretary of State under section 48.181.[2] This issue requires us to accept *682 all allegations in the complaint as true and confine our review to the four corners of the pleading. See Cintron v. Osmose Wood Preserving, Inc., 681 So.2d 859, 860-61 (Fla. 5th DCA 1996).
Section 48.181, one of Florida's long-arm statutes, permits Florida's Secretary of State to accept service on behalf of nonresidents who engage in or carry on a business or business venture in the state. ß 48.181, Fla. Stat. (2003); Pelycado Onroerend Goed B.V. v. Ruthenberg, 635 So.2d 1001, 1003 (Fla. 5th DCA 1994). It should be recognized that Labbee did not proceed under section 48.193, Florida Statutes (2003), which not only subjects nonresidents to the jurisdiction of Florida courts when the nonresidents engage in the foregoing business activity, but also applies to nonresidents who engage in tortious acts in Florida. ß 48.193(1), Fla. Stat. (2003).
Furthermore, sections 48.193 and 48.181 "provide different methods for acquiring personal jurisdiction over non-residents." A.B.L. Realty Corp. v. Cohl, 384 So.2d 1351, 1353 (Fla. 4th DCA 1980). While section 48.181 permits service to be effected on the Secretary of State, section 48.193 contemplates personal service. Id. Since Labbee served Harrington through the use of substituted service upon the Secretary of State, our review is limited to whether Labbee made the necessary jurisdictional allegations under section 48.181.
The burden of pleading facts which support, as a matter of law, the applicability of substituted service falls on the party seeking to invoke the provisions of the long-arm statute. Elmex, 325 So.2d at 61. To determine whether long-arm jurisdiction is appropriate for substituted service, the complaint must either plead a basis for jurisdiction pursuant to the language of section 48.181 or allege sufficient jurisdictional facts to satisfy the statute. See Venetian Salami Co. v. Parthenais, 554 So.2d 499, 502 (Fla.1989); Security Nat'l Bank v. Corporate Computer Group, Inc., 847 So.2d 573, 574 (Fla. 1st DCA 2003). Rule 1.070(h), Florida Rules of Civil Procedure (2003), states that "[w]hen service of process is to be made under statutes authorizing service on nonresidents of Florida, it is sufficient to plead the basis for service in the language of the statute without pleading the facts supporting service." Labbee, in her complaint, elected to allege facts supporting jurisdiction for substituted service rather than plead jurisdictional elements in the language of the statute as permitted by Rule 1.070.
We must look to the allegations of the complaint and the supporting exhibits to determine whether Labbee has sufficiently pled facts which would invoke the application of the long-arm statute. Wm. E. Strasser Constr. v. Linn, 97 So.2d 458, 459 (Fla.1957). To effect valid substituted service of process, Labbee's complaint must sufficiently allege that Harrington operated, conducted, engaged in, or carried on a business or business venture in this state. See ß 48.181, Fla. Stat. (2005). We recognize that long-arm statutes are strictly construed and require the plaintiffs *683 to clearly bring themselves within the ambit of the statutes. See Strasser, 97 So.2d at 459. We find that Labbee's complaint contained sufficient factual allegations invoking personal jurisdiction over Harrington and rendering substituted service effective.
Labbee alleged that Harrington, at all material times, was a resident of Puerto Rico and that he owned the subject real property for 20 years and used it as a rental property for profit until he sold it to Labbee. Accepting these allegations as true, we find that both the renting of the property and the sale of such an investment property sufficiently describes a business venture. The legislative intent behind section 48.181 was to regard non-residents who have availed themselves of the privilege of "dealing in goods, services, or property, whether in a professional or nonprofessional capacity, within the State in anticipation of economic gain," as operating a business or business venture. DeVaney v. Rumsch, 228 So.2d 904, 907 (Fla. 1969). Here, Labbee alleged that Harrington rented out the property for profit for 20 years and subsequently sold it, which is equivalent to dealing in property in anticipation of economic gain.
The Florida Supreme Court has held that engaging in a single act for profit can amount to a business venture. For example, the Court found that entering into a contract to construct a motel in Dade County constituted a substantial step in a business venture. Strasser, 97 So.2d at 460. The Court also held that the listing of a citrus grove for sale amounted to a business venture. See Weber v. Register, 67 So.2d 619, 621 (Fla.1953). The Weber court noted that "`in the case of an individual..., doing business is doing a series of similar acts for the purpose of thereby realizing pecuniary benefit, or otherwise accomplishing an object, or doing a single act for such purpose with the intention of thereby initiating a series of such acts.'" Weber, 67 So.2d at 623 (quoting Restatement (First) of Judgments ß 22 cmt. b. (1942)).
In the instant case, Harrington clearly engaged in multiple acts of renting out his property and eventually selling it for the purpose of realizing a profit. Therefore, in pleading that Harrington owned real estate for the purpose of renting it to others for profit and that he subsequently sold it to Labbee, Labbee sufficiently alleged that Harrington was engaged in a business venture.
The second issue is whether Labbee's allegation that Harrington was a resident of Puerto Rico sufficiently satisfies the requirement of pleading that a person must be a resident of any other state or country, or a resident of the state who subsequently becomes a nonresident or conceals his whereabouts. See ß 48.181, Fla. Stat. (2003). Pleading that Harrington is a resident of Puerto Rico is the factual equivalent of pleading that Harrington is a "resident[] of any other state or country." ß 48.181, Fla. Stat. (2003). We find that alleging the ultimate fact of Harrington's residency meets the statutory requirement.
Finally, the trial court's finding that Harrington was not subject to the court's jurisdiction because Labbee failed to allege that the residence is located in Miami-Dade County, Florida or in the State of Florida is erroneous as the trial court neglected to consider the exhibits which were attached to the complaint. These exhibits included the sale and purchase contract and the seller's disclosure, which clearly showed that the property was located in Miami, Florida. Labbee correctly argues that "any exhibit attached to a pleading shall be considered a part thereof for all purposes." Fla. R. Civ. P. 1.130(b). Florida *684 courts have consistently held that exhibits attached to complaints are considered part of the pleadings. See, e.g., Geico Gen. Ins. Co., Inc. v. Graci, 849 So.2d 1196 (Fla. 4th DCA 2003); Nicholas v. Ross, 721 So.2d 1241 (Fla. 4th DCA 1998)(noting that a complaint incorporates the exhibits attached and such exhibits are considered part of the pleadings); Fidelity & Cas. Co. of New York v. L.F.E. Corp., 382 So.2d 363 (Fla. 2d DCA 1980); Arvanetes v. Gilbert, 143 So.2d 825 (Fla. 3d DCA 1962)(noting that a lease attached to complaint was part of the complaint for all purposes).
We find that Labbee met her burden of sufficiently alleging ultimate facts to invoke jurisdiction under section 48.181. Therefore, substituted service on the Secretary of State was validly effected. We reverse the order dismissing Labbee's complaint for lack of personal jurisdiction and reinstate the final judgment in favor of Labbee in the amount of $18,923.
Reversed.
NOTES
[1] Subsequently, both Bazo and Cobo were dismissed from the lawsuit.
[2] Section 48.181 states, in relevant part:

(1) The acceptance by any person or persons, individually or associated together ..., who are residents of any other state or country, and all foreign corporations, and any person who is a resident of the state and who subsequently becomes a nonresident of the state or conceals his or her whereabouts, of the privilege extended by law to nonresidents and others to operate, conduct, engage in, or carry on a business or business venture in the state, ... constitutes an appointment by the persons and foreign corporations of the Secretary of State of the state as their agent on whom all process in any action or proceeding against them, ... arising out of any transaction or operation connected with or incidental to the business or business venture may be served. ß 48.181, Fla. Stat. (2003).