929 So.2d 1122 (2006)
Dr. Ivaan SMALL, Appellant,
v.
Diane CHICOLA, as Personal Representative of the Estate of Robert Mark Chicola, deceased, Appellee.
No. 3D05-1594.
District Court of Appeal of Florida, Third District.
May 24, 2006.
*1123 Stephen, Lynn, Klein, Lacava, Hoffman & Puya and Roberta G. Mandel; Hamilton & Miller and Jerry Hamilton, Miami, for appellant.
Ginsberg & Schwartz and Arnold R. Ginsberg, Miami; Samuel M. Spatzer, Coral Gables, for appellee.
Before SHEPHERD and SUAREZ, JJ., and SCHWARTZ, Senior Judge.
SUAREZ, J.
Dr. Ivaan Small appeals a non-final order denying his motion to dismiss for lack of personal jurisdiction or to transfer venue on grounds of forum non conveniens. We reverse the trial court's order denying the motion to dismiss.
Diane Chicola ("Chicola"), as personal representative of the estate of Robert Mark Chicola, sued Dr. Small and others for the wrongful death of her husband, Robert Mark Chicola, as a result of alleged medical malpractice on board the vessel, M/V Majesty of the Seas, owned by Royal Caribbean Cruises, Ltd. Dr. Small, a resident of South Africa, is a physician who was under contract with the cruise line to supply medical services to the passengers and crew of the M/V Majesty of the Seas. On August 28, 2002, the decedent, a passenger on the M/V Majesty of the Seas, became ill riding a wave-runner off the coast of Coco Cay, an island in the Bahamas. At approximately 1:00 p.m., he was brought to the cruise ship, in international waters, where the doctor on duty, Gerhard Van Blerk, treated him with the assistance of Dr. Small, who was not on duty at that time. Dr. Small came on duty at 8:00 a.m. the following morning, August 29, 2002, after Dr. Van Blerk had already made the decision to evacuate the patient to a hospital in Key West because the condition of the patient had deteriorated during the night. After the ship docked in Key West, the patient was evacuated to the Lower Keys Medical Center, then airlifted to Baptist Hospital in Miami for further critical treatment from which he never recovered.
Dr. Small filed an affidavit in support of his motion to dismiss for lack of personal jurisdiction stating, in pertinent part, that:
21. At the time that the decedent was rendered medical treatment aboard the vessel, the MAJESTY OF THE SEAS, the vessel was on the high seas or in the waters of Coco Cay, an island in the Bahamas and, thus, outside the territorial waters of the State of Florida and the United States.
22. I was not involved in the decision to transfer the decedent to Key West for further medical treatment.
23. I was not involved in making the arrangements to evacuate the decedent to Key West.

*1124 24. I did not treat or examine the decedent after the ship left the waters of the Bahamas.
25. I did not treat or examine the decedent after the decedent was evacuated from the vessel.
In his deposition, Dr. Small testified as follows:
Q And what happens when that doctor goes off duty and the other doctor goes on duty? Does he then become the patient of the new doctor?
A Only if the patient is going to stay in the hospital.
Q What? You mean the ship's hospital?
A The ship's hospital.
* * *
Q You went on duty on the morning of the 29th?
A Yes.
Q Mr. Chicola was in the ship's hospital when you went on duty.
A Yes.
Q Because the ship didn't arrive at port until around 9:30 or so, according to the captain's log.
A Yes.
Q When there is a patient in the ship's hospital and you go on duty, do you look at the patient's chart?
A No, the doctor on duty the previous night will come to the hospital, the ship's hospital, assess all the patients, discharge or evacuate the patients that he feels need to be evacuated.
The standard of review of a trial court's order granting or denying a motion to dismiss for lack of personal jurisdiction is de novo. See Banco Cont'l, S.A. v. Transcom Bank (Barbados), Ltd., 922 So.2d 395 (Fla. 3d DCA 2006); Labbee v. Harrington, 913 So.2d 679 (Fla. 3d DCA 2005). As set forth in the seminal case of Venetian Salami Co. v. Parthenais, 554 So.2d 499 (Fla.1989), a plaintiff may seek to obtain jurisdiction over a non-resident defendant by pleading the basis for service without alleging supporting facts. See Fla. R. Civ. P. 1.070(h). To contest the allegations of the complaint, the defendant must file affidavits in support of his position concerning jurisdiction. "The burden is [on] the defendant to prove by affidavit [deposition or other proof] the basis upon which jurisdiction must be obtained." Venetian, 554 So.2d at 502. If the defendant's proof filed in support of the motion to dismiss contains facts in opposition to the jurisdictional grounds raised in the complaint, the burden then shifts back to the plaintiff to clearly show by competent proof that the allegations of the complaint justify personal jurisdiction. Elmex Corp. v. Atl. Fed. Sav. & Loan Ass'n, 325 So.2d 58, 62 (Fla. 4th DCA 1976). Here, Chicola alleged facts attempting to show that Dr. Small was subject to the jurisdiction of the courts of Florida, under section 48.193, Florida Statutes (2005), in that he committed a tortious act in Florida or was doing business within the state. In moving to dismiss for lack of personal jurisdiction, Dr. Small filed a supporting affidavit stating that he neither treated the decedent in Florida territorial waters nor participated in the decision-making process concerning the patient, including whether and where to evacuate the decedent. Additionally, he relied on his deposition testimony that it was the responsibility of the on-duty, treating physician, Dr. Van Blerk, to care for and monitor the patient's chart at all times, both prior to and after the determination to evacuate him had been made  including the time period when Dr. Small came on duty the morning of August 29, 2002, and when the ship was in Florida territorial waters. He denied ever having been engaged in or carrying on a business venture in the State of Florida.
*1125 In opposition to Dr. Small's motion, Chicola failed to offer any material facts, by way of affidavit, deposition or otherwise, to negate or oppose the jurisdictional proof presented by Dr. Small in support of his motion to dismiss which countered the jurisdictional allegations in the complaint. Therefore, we find that the appellee failed to satisfy her burden of proof to rebut the evidence presented by Dr. Small in support of his motion to dismiss for the purpose of providing a basis upon which personal jurisdiction could be obtained. See Venetian, 554 So.2d at 502; Elmex, 325 So.2d at 62.
As such, the trial court should have granted Dr. Small's motion to dismiss for lack of personal jurisdiction. The order below denying the motion to dismiss is reversed.[1]
Reversed.
NOTES
[1] In light of our disposition of the motion to dismiss, where the appellant has failed to establish by sufficient proof the commission of a tort in Florida waters, we need not address the appellant's points on appeal regarding whether the doctor's activities constituted doing business in the state under section 48.193, since the connexity requirement, see Wendt v. Horowitz, 822 So.2d 1252, 1260 (Fla. 2002), between the doctor's activities and the cause of action has not been met. Likewise, we need not reach the issue of whether venue was subject to transfer under the doctrine of forum non conveniens.