SILBERMAN, Chief Judge.
In this action by John P. Harllee IV and Scott A. Harllee, as Trustee of the Scott A. Harllee Revocable Trust (the Harllees), against Joseph G. Procacci for unjust enrichment, Procacci appeals a nonfinal order that denies his motion to transfer venue from Manatee County to Collier County. Because venue lies only in Collier County, Florida, where Procacci resides, we reverse the order denying Procacci’s motion to transfer venue and remand for the trial court to transfer the action to Collier County. We also vacate the portion of the order that denies Pro-cacci’s motion to dismiss.
Procacci and the Harllees were shareholders in Harllee Packing, Inc. The shareholders’ agreement provided that if a shareholder receives a bona fide third-party offer to purchase his shares, he must promptly advise the other shareholders of the offer and they may then exercise a right of first refusal. Procacci advised the other shareholders that he had received an offer to purchase 760 of his shares. The Harllees attempted to exercise their right to purchase Procacci’s 760 shares, but he refused. As a result, the Harllees sued Procacci for specific performance and declaratory relief to enforce the shareholders’ agreement, and they ultimately prevailed.
During the pendency of that litigation, all of the shareholders except Procacci voted in favor of declaring a dividend distribution. At the meeting at which the distribution was agreed to, the Harllees stated that they were claiming an equitable interest in the shares Procacci was going to sell to a third party. They also stated that in order to preserve their legal rights, they were not waiving their rights to an equitable interest in the subject shares and they were objecting to the distribution as it related to those shares.
After the Harllees prevailed in their action for specific performance of the shareholders’ agreement, they filed the current action against Procacci for unjust enrichment based on the dividend distribution of $396,000 he received for his 760 shares. They did not sue for the $396,000 as a breach of the shareholders’ agreement. Pertinent to the trial court’s findings regarding venue, the Harllees alleged that Procacci “breached a contract implied by law by receiving money that in equity and good conscience should have been held in escrow pending the outcome” of the action for specific performance. They further alleged as follows:
24. The Plaintiffs conferred a benefit to the Defendant and all other shareholders by agreeing to and voting in favor of the Distribution. Prior to the voting, Plaintiffs provided notice to Defendant and the Corporation at the Corporate Meeting that they were asserting their equitable interest in the 760 shares and their rights to the distribution related to such interest and objected to the Distribution of funds as to those specific shares.
25. Defendant had knowledge of the benefit conferred by receiving the Dividend/Distribution but knew his right to the proceeds of the Distribution was in dispute and doubtful. It was inequitable for Defendant to accept the monetary benefits of the Distribution. The proceeds of the Distribution should have been escrowed pending the determination of the equitable interest claimed by Plaintiffs.
[[Image here]]
28. For the Defendant not to have conserved and/or placed the proceeds of the Distribution in escrow knowing that the Courts had not made an ownership rights determination represented unjust enrichment as he knew or should have *999 known that he had received a distribution that was based on stock that per the Shareholders’ Agreement equitably and legally belonged to the Plaintiffs who had complied with the clear language of the Shareholder Agreement.
Procacci filed a motion to dismiss based on res judicata. He later amended the motion to seek the alternative relief of a transfer of venue to his county of residence, Collier County. He filed an affidavit stating, among other things, that he was a resident of Collier County and that the dividend check was sent to him in Philadelphia, Pennsylvania. Those facts are undisputed.
At the hearing on Procacci’s motion, the trial court found that venue was proper in Manatee County based on theories of unjust enrichment and breach of an implied contract involving a debtor and creditor. The trial court also denied Procacei’s motion to dismiss and made both rulings in the same order. Procacci appeals the denial of the motion to transfer venue. See Fla. R.App. P. 9.130(a)(3)(A).

Denial of Motion to Transfer Venue.

An action against a Florida resident “shall be brought only in the county where the defendant resides, where the cause of action accrued, or where the property in litigation is located.” § 47.011, Fla. Stat. (2010). The plaintiff selects venue, but the plaintiffs complaint must sufficiently allege one of the statutory bases for the venue option selected. Nicholas v. Ross, 721 So.2d 1241, 1242 (Fla. 4th DCA 1998). The burden is then on the defendant to plead and prove improper venue. Interactive Retail Mgmt., Inc. v. Microsoft Online, L.P., 988 So.2d 717, 720 (Fla. 2d DCA 2008). If the complaint shows on its face that venue is improper, an evidentiary hearing to resolve factual issues is unnecessary. See id. The Harllees’ complaint shows on its face that venue in Manatee County is improper.
The parties correctly agree that there is no property in litigation. It is also undisputed that Procacci is a legal resident of Collier County, Florida, which is thus an appropriate venue selection pursuant to section 47.011. The parties dispute where the cause of action accrued.
The Harllees alleged in their complaint that they conferred a benefit on Procacci by agreeing to the dividend distribution and that Procacci knew of the benefit. They further alleged that it was inequitable for him to accept the benefit and not place the dividend proceeds in escrow pending resolution of the Harllees’ action against him for the shares on which the dividends were paid. These allegations describe a contract implied in law, also known as a quasi contract, which is not based upon an agreement between the parties. See Commerce P’ship 8098 Ltd. P’ship v. Equity Contracting Co., 695 So.2d 383, 386 (Fla. 4th DCA 1997) (en banc).
A contract implied in law is a legal fiction, an obligation created by the law without regard to the parties’ expression of assent by their words or conduct. The fiction was adopted to provide a remedy where one party was unjustly enriched, where that party received a benefit under circumstances that made it unjust to retain it without giving compensation.
Id. (citation omitted). A contract implied in law “is a noncontractual obligation that is treated procedurally as if it were a contract and is also referred to by some courts as unjust enrichment or restitution.” 4th & Heinberg, LLC v. Terhaar & Cronley Gen. Contractors, Inc., 43 So.3d 877, 881 (Fla. 1st DCA 2010) (quoting Williston on Contracts § 1:6).
*1000 The Harllees alleged that Procacci “breached a contract implied by law by receiving money that in equity and good conscience should have been held in escrow pending the outcome” of the action for specific performance. The allegations focus on Procacci having unjustly received a benefit. There was no allegation of any action that could be interpreted as an implied promise or agreement.
The Harllees’ argument and the trial court’s finding that the cause of action accrued in Manatee County because that is where the shareholders voted for the dividend distribution focuses on the wrong action. Procacci would not have been unjustly enriched by the decision to distribute the dividend; he would have been unjustly enriched when he received it, as the Harllees themselves alleged. In addition, the Harllees’ argument that Procacci is a debtor and should therefore pay them, the creditors, in the county in which their business is located is inconsistent with the allegations of their complaint. Because Procacci received the dividend distribution benefit in Philadelphia, venue in Manatee County is improper. The only proper venue in Florida is Procacci’s county of residence, Collier County.
Nicholas v. Ross, 721 So.2d 1241 (Fla. 4th DCA 1998), provides support for this conclusion. Ross was an assignee of a foreign corporation, and he sued Nicole Nicholas and others in Palm Beach County for damages resulting from wire transfers from the corporation’s accounts to Nicholas’s account in Hillsborough County. Id. at 1242. Ross alleged claims including unjust enrichment against Nicholas. The Fourth District determined that the allegations of Ross’s complaint failed to show the cause of action accrued in Palm Beach County. The court concluded that “the cause of action accrued when [Nicholas] obtained possession of the funds by deposit to her account, which took place in Hills-borough County.” Id. at 1243.
Likewise, the cause of action for unjust enrichment against Procacci accrued when he obtained possession of the funds in Philadelphia and did not place them in escrow. Because the cause of action did not accrue in Manatee County, venue is improper there. Rather, venue lies in Collier County where Procacci resides. Therefore, we reverse the order to the extent that it denies the motion to transfer venue and remand for the trial court to transfer venue to Collier County.

Denial of Motion to Dismiss.

The order denying the motion to transfer venue also denied Procacci’s motion to dismiss. To the extent that the order denies the motion to dismiss, it is a nonfi-nal, nonappealable order. See Fla. R.App. P. 9.130(a)(3). Although we do not reach the merits of the denial of the motion to dismiss, we vacate the order to the extent it denies the motion to dismiss because the motion “should be considered after the change of venue has been accomplished.” Straughn v. Grootemaat, 291 So.2d 669, 669 (Fla. 2d DCA 1974); see also Davis v. Fla. Power Corp., 486 So.2d 34, 35 (Fla. 2d DCA 1986) (“Upon a change of venue the transferor court generally loses the power to rule upon other matters pending in the case.”).
Reversed in part and vacated in part.
CRENSHAW and MORRIS, JJ., Concur.