**Dorcy A. FARRELL, Plaintiff,**

v.

**ROYAL CARIBBEAN CRUISES, LTD., Dr. Yusuf Mahomedy, Dr. Maria Forero, and Zinhle Msali, Defendants.**

**Case No. 11–24399–CV.**

United States District Court, S.D. Florida.

Jan. 2, 2013.

Carlos Felipe Llinas Negret, Law Offices of Lipcon, Margulies & Alsina P.A.,

Miami, FL, Jason Robert Margulies, Lipcon Margulies, Alsina & Winkleman, P.A., Miami, FL, for Plaintiff.

Amanda Lesley Jacobs, Royal Caribbean Cruises Ltd., Miami, FL, Jerry Dean Hamilton, Carlos Javier Chardon, Hamilton Miller & Birthisel LLP, Miami, FL, for Defendants.

*ORDER GRANTING DEFENDANT DRS. FORERO AND MAHOMEDY'S MOTIONS TO QUASH SERVICE OF PROCESS AND TO DISMISS FOR LACK OF PERSONAL JURISDICTION (D.E. 51, 52), DENYING PLAINTIFF'S MOTIONS TO STAY RULING PENDING JURISDICTIONAL DISCOVERY (D.E. 61, 62), AND DENYING AS MOOT DEFENDANT DRS. FORERO AND MAHOMEDY'S MOTIONS FOR PROTECTIVE ORDERS TO STAY DISCOVERY (D.E. 78, 79)*

JOAN A. LENARD, District Judge.

**THIS CAUSE** is before the Court on Defendant Drs. Maria Forero and Yusuf Mahomedy's Motions to Quash Service of Process and to Dismiss for Lack of Personal Jurisdiction (D.E. 51, 52), filed August 24, 2012. On September 10, 2012, Plaintiff Dorcy A. Farrell filed Responses in Opposition (D.E. 61, 62, 63, 64), which included Motions to Stay Ruling on Defendants' Motions to Dismiss Pending 90 Days of Jurisdictional Discovery (D.E. 61, 62). Drs. Forero and Mahomedy filed Responses/Replies (D.E. 70, 72, 73, 75) on September 27, 2012.

Also before the Court are Drs. Forero and Mahomedy's Motions for Protective Orders to Stay Discovery (D.E. 78, 79), filed October 11, 2012. Plaintiff filed a consolidated Response in Opposition (D.E. 85) on November 8, 2012. Drs. Forero

and Mahomedy filed Replies (D.E. 88, 89) on November 19, 2012.

Having considered the referenced filings and the record, the Court finds as follows.

## I. Background

In December 2010, Plaintiff was a passenger aboard the Royal Caribbean cruise ship, "Jewel of the Seas." (Amended Complaint, D.E. 20 ¶ 14.)

On December 22, 2010, Plaintiff's ship docked in Georgetown, Grand Cayman. (*Id.* ¶ 16.) Plaintiff went ashore and fell down some steps while walking adjacent to the port. (*Id.*) She sustained injuries to her ankle and head. (*Id.*) Plaintiff was brought back aboard the ship to receive medical attention. (*Id.*)

The ship's medical personnel included Defendants Dr. Mahomedy, Dr. Forero, and Nurse Zinhle Msali. (*See id.*) Dr. Mahomedy is a citizen and resident of South Africa. (Mahomedy Motion to Quash and Dismiss, D.E. 52 ¶ 5.) Dr. Forero is a citizen and resident of Columbia. (Forero Motion to Quash and Dismiss, D.E. 51 ¶ 5.)

Defendants x-rayed Plaintiff's ankle and diagnosed her with a sprain. (Amended Complaint, D.E. 20 ¶ 16.) They provided her with an elastic sock and ibuprofen. (*Id.*)

Plaintiff ultimately left the ship and sought treatment onshore. (*Id.*) She was later diagnosed with a severe ankle fracture and required immediate surgery. (*Id.*) She also required removal of a hematoma resulting from her head injury. (*Id.*)

Plaintiff subsequently filed this action against Dr. Mahomedy, Dr. Forero, Nurse Msali, and Royal Caribbean. (*See id.* at 1.) Plaintiff alleges that the individual Defendants committed medical malpractice in failing to properly diagnose and treat her injuries. (*Id.* at 20–23.) Plaintiff further

alleges that Royal Caribbean was independently negligent in its failure, among other things, to provide adequate medical care (*id.* at 5–8) or that it was jointly, vicariously, and/or contractually liable for the actions of the Defendant medical personnel (*id.* at 8–20). Plaintiff asserts her causes of action under United States general maritime law and Florida state law. (*Id.* ¶¶ 3, 7.)

Plaintiffs Amended Complaint contains the following relevant jurisdictional allegations:

2.... Defendant, DR. YUSUF MAHOMEDY, is believed to be a citizen and resident of a country other than the United States of America. Upon information and belief, Defendants, DR. MARIA FORERO and ZINHLE MSALI, are believed to be residents of countries other than the United States of America.

\*       \*       \*       \*       \*       \*

5. Defendants are subject to the jurisdiction of the Courts of this State.

6. Defendants, DR. YUSUF MAHOMEDY, DR. MARIA FORERO and ZINHLE MSALI, are believed to be non-residents of the State of Florida who provided in whole or in part medical care to Plaintiff, DORCY FARRELL, both inside and outside Florida state territorial waters aboard the *Jewel of the Seas.*

\*       \*       \*       \*       \*       \*

10. At all times material hereto, Defendants, DR. YUSUF MAHOMEDY and DR. MARIA FORERO, were the ship's doctors working in the vessel's medical facility, with the intent of providing medical care to passengers, including DORCY FARRELL. Defendant, ZINHLE MSALI, was the ship's nurse working in the vessel's medical facility, with the intent of providing medical care to passengers, including DORCY FARRELL.

\*       \*       \*       \*       \*       \*

13. At all times material hereto, ROYAL CARIBBEAN agreed to provide indemnity insurance coverage for Defendants, DR. YUSUF MAHOMEDY, DR. MARIA FORERO and ZINHLE MSALI, regarding the claims asserted in this action. Plaintiff is, and continues to be a third party beneficiary to that indemnification agreement. Further, these agreements subjected Defendants, DR. YUSUF MAHOMEDY, DR. MARIA FORERO and ZINHLE MSALI, to the jurisdiction of this Court.

(*Id.* ¶¶ 2, 5, 6, 10, 13.)

Plaintiff served Drs. Forero and Mahomedy by substituted service on Florida's Secretary of State. (Forero Motion to Quash/Dismiss, D.E. 51 ¶ 7; Mahomedy Motion to Quash/Dismiss, D.E. 52 ¶ 7.)

The undisputed evidence now reveals that all medical treatment at issue in this case was rendered outside Florida territorial waters. (*See* Forero Motion to Quash/Dismiss, D.E. 51 ¶ 4; Mahomedy Motion to Quash/Dismiss, D.E. 52 ¶ 4.)

## II. Motions

Defendant Drs. Mahomedy and Forero move to quash service of process and to dismiss the Plaintiff's Complaint for lack of personal jurisdiction. (*See* D.E. 51 at 1; D.E. 52 at 1.) Defendants first maintain that Plaintiff has failed to effectuate service in accordance with Florida law. (*See* D.E. 51 at 3–12; D.E. 52 at 3–11.) Defendants further argue that Plaintiff's Complaint fails to establish personal jurisdiction over them. (*See* D.E. 51 at 12; D.E. 52 at 11.) Defendants argue that because Plaintiff served them using substituted service on the Secretary of State, Plaintiff was required—yet has failed—to plead or

otherwise establish that Defendants engaged in business within Florida and that their business operations gave rise to the present action. (*See* D.E. 51 at 1315; D.E. 52 at 12–14.) In connection with their Motions to Dismiss, Defendants have submitted evidence that all medical treatment provided by Defendants to Plaintiff occurred outside of the State of Florida and its territorial waters. (*See* D.E. 51 ¶ 4; D.E. 52 ¶ 4.) Defendants have also submitted declarations that (a) they have never contracted to insure any person, property, or risk located within Florida at any time; (b) they do not know and have never operated, conducted, engaged in, or carried on a business venture in Florida; (c) they each have or had only one bank account in Florida; and (d) they have never been engaged in any substantial activity within Florida or anywhere in the United States. (*See* Forero Decl. D.E. 51–1 ¶¶ 8, 9, 15, 16; Mahomedy Decl., D.E. 52–1 ¶¶ 8, 10, 15, 16.)

Plaintiff responds, in relevant part, that Defendants' Motions and accompanying declarations contain factual assertions which Plaintiff cannot address without the benefit of jurisdictional discovery. (*See* D.E. 61 at 4; D.E. 62 at 4.) Plaintiff argues that without discovery, she is unable to respond specifically to the four assertions enumerated above. (*See* D.E. 61 at 5; D.E. 62 at 5.) Plaintiff thus moves to stay ruling on Defendants' Motions pending ninety days of jurisdictional discovery. (*See* D.E. 61 at 8; D.E. 62 at 8.) Plaintiff does not dispute that all medical care at issue occurred outside Florida and its territorial waters. (*See* D.E. 61 at 5; D.E. 62 at 5.)

Defendants respond that jurisdictional discovery should be denied, as Plaintiff provides no explanation of what discovery will demonstrate. (*See* D.E. 70 at 5–6; D.E. 73 at 5–6.) In addition, as Plaintiff has propounded jurisdictional discovery requests on Defendants, Defendants move for protective orders quashing Plaintiff's requests. (*See* D.E. 78 at 1; D.E. 79 at 1.)

## III. Applicable Standards

A party may move for dismissal under Rule 12(b)(2) for lack of personal jurisdiction. Fed.R.Civ.P. 12(b)(2). The procedure for establishing and challenging personal jurisdiction is as follows:

> First, the plaintiff must allege sufficient facts in his complaint to initially support long arm jurisdiction before the burden shifts to the defendant to make a prima facie showing of the inapplicability of the statute. If the defendant sustains this burden, the plaintiff is required to substantiate the jurisdictional allegations in the complaint by affidavits or other competent proof, and not merely reiterate the factual allegations in the complaint.

*Future Tech. Today, Inc. v. OSF Healthcare Sys.*, 218 F.3d 1247, 1249 (11th Cir. 2000) (quoting *Prentice v. Prentice Colour, Inc.*, 779 F.Supp. 578, 583 (M.D.Fla.1991)). Allegations in the complaint are accepted as true to the extent they are uncontroverted by defendant's non-conclusory affidavits or deposition testimony. *Morris v. SSE, Inc.*, 843 F.2d 489, 492 (11th Cir. 1988). Where there is conflict between the parties' affidavits and deposition testimony, all reasonable inferences are drawn in favor of the plaintiff. *Id.*

Plaintiffs have a qualified "right" to jurisdictional discovery when a court's jurisdiction is genuinely in dispute. *Eaton v. Dorchester Dev., Inc.*, 692 F.2d 727, 730 n. 7 (11th Cir.1982). A "jurisdictional question is genuinely in dispute [when] the court cannot resolve the issue" without additional evidence. *Id.* The genuine dispute standard does not "permit[ ] a plaintiff to seek facts that would ultimately not support a showing [of] personal jurisdic-

tion." *Bernardele v. Bonorino*, 608 F.Supp.2d 1313, 1321 (S.D.Fla.2009). For this reason, such facts "must be sufficiently material to warrant jurisdictional discovery." *Id.*

## IV. Discussion

■ The exercise of personal jurisdiction over a nonresident is proper only if: (1) the forum state's long-arm statute confers jurisdiction; and (2) there are sufficient minimum contacts between the defendants and the forum state as to satisfy "traditional notions of fair play and substantial justice" under the Due Process Clause of the Fourteenth Amendment. *PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V.*, 598 F.3d 802, 807 (11th Cir. 2010) (citation and internal quotation marks omitted).

Florida's principal long-arm statute provides that:

> (1) Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself and, if he or she is a natural person, his or her personal representative to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following acts:
>
> \*  \*  \*  \*  \*  \*
>
> (b) Committing a tortious act within this state.
>
> \*  \*  \*  \*  \*  \*
>
> (2) A defendant who is engaged in substantial and not isolated activity within this state, whether such activity is wholly interstate, intrastate, or otherwise, is subject to the jurisdiction of the courts of this state, whether or not the claim arises from that activity.

*Id.* § 48.193. A nonresident defendant may be subject to "specific" personal jurisdiction under subsection 48.193(1) if the person commits any of the acts enumerated in the subsection within Florida and the cause of action arose from the act. *NHB Advisors, Inc. v. Czyzyk*, 95 So.3d 444, 448 (Fla.Dist.Ct.App.2012). Alternatively, a nonresident defendant may be subject to "general" personal jurisdiction under subsection 48.193(2) if he engages in "substantial and not isolated activity" within the state. *See Russo v. Fink*, 87 So.3d 815, 818 (Fla.Dist.Ct.App.2012).

Florida has another long-arm/service-of-process statute, however, which provides in relevant part:

> The acceptance by any person or persons, individually or associated together as a copartnership or any other form or type of association, who are residents of any other state or country, and all foreign corporations, and any person who is a resident of the state and who subsequently becomes a nonresident of the state or conceals his or her whereabouts, of the privilege extended by law to nonresidents and others to operate, conduct, engage in, or carry on a business or business venture in the state, or to have an office or agency in the state, constitutes an appointment by the persons and foreign corporations of the Secretary of State of the state as their agent on whom all process in any action or proceeding against them, or any of them, arising out of any transaction or operation connected with or incidental to the business or business venture may be served. The acceptance of the privilege is signification of the agreement of the persons and foreign corporations that the process against them which is so served is of the same validity as if served personally on the persons or foreign corporations.

Fla. Stat. § 48.181(1). "This statute provides that a defendant may be subjected to

the personal jurisdiction of the state without having been personally served with process if the defendant operates, conducts, engages in, or carries on a business or business venture in Florida, or has an office or agency in Florida, and the cause of action arose from these business activities." *Suroor v. First Inv. Corp.*, 700 So.2d 139, 140 (Fla.Dist.Ct.App.1997). Section 48.181, like subsection 48.193(1), requires that "connexity" exist between the cause of action and the defendant's activities in Florida. *Hertz Corp. v. Abadlia*, 489 So.2d 753, 754 (Fla.Dist.Ct.App. 1985).

Sections 48.193 and 48.181 "provide different methods for acquiring personal jurisdiction over non-residents," *A.B.L. Realty Corp. v. Cohl*, 384 So.2d 1351, 1353 (Fla.Dist.Ct.App.1980), and when service is effectuated using substituted service upon the Secretary of State, "review is limited to whether [the plaintiff] made the necessary jurisdictional allegations under section 48.181," *Labbee v. Harrington*, 913 So.2d 679, 682 (Fla.Dist.Ct. App.2005). To determine whether long-arm jurisdiction is appropriate when a Defendant is served using substituted service, the complaint must either plead a basis for jurisdiction using the language of section 48.181 or allege sufficient jurisdictional facts to satisfy the statute. *Id.*

In line with the foregoing, the Court finds that Plaintiff has failed to establish personal jurisdiction over Drs. Forero and Mahomedy. Plaintiff served Defendants via substituted service on Florida's Secretary of State. Plaintiff was thus obligated to plead a basis for jurisdiction in accordance with Section 48.181. Plaintiff was required either to invoke the language of the statute or to allege sufficient jurisdictional facts to satisfy it—*i.e.*, that Defendants operate, conduct, engage in, or carry on a business or business venture in Florida, or have offices or agencies in Florida, and that her cause of action arose from these business activities. Plaintiff failed to do so. Moreover, Defendants have produced uncontested evidence that the medical treatment at issue in this case was rendered outside of Florida territorial waters and that they have never carried on business activities in Florida.

Plaintiff's request to take jurisdictional discovery is unavailing. Plaintiff seeks discovery to address only Defendants' assertions that (a) they have never contracted to insure any person, property, or risk located within Florida at any time; (b) they do not know and have never operated, conducted, engaged in, or carried on a business venture in Florida; (c) they each have or had only one bank account in Florida; and (d) they have never been engaged in any substantial activity within Florida or anywhere in the United States. But Plaintiff does not contest that the alleged tort in this case occurred outside Florida territorial waters. As there is no dispute that the tort took place outside of Florida territorial waters, any discovery on the foregoing issues will be inconsequential. In other words, because the requisite "connexity" between conduct and cause of action will always be lacking, it is immaterial whether Defendants have engaged in business or conducted other activities in the state of Florida. *Cf. Hesterly v. Royal Caribbean Cruises, Ltd.*, No. 06–22862–CIV, 2008 WL 516495, at *8 (S.D.Fla. Feb. 25, 2008) ("Since 'the appellant has failed to establish by sufficient proof the commission of a tort in Florida waters, we need not address the appellant's points ... regarding whether the doctor's activities constituted doing business in the state ... since the connexity requirement[ ] between the doctor's activities and the cause of action has not been met.'" (quoting *Small v. Chicola*, 929 So.2d 1122, 1125 (Fla.Dist. Ct.App.2006)).

## V. Conclusion

For these reasons, it is **ORDERED AND ADJUDGED** that:

1. Defendant Drs. Maria Forero and Yusuf Mahomedy's Motions to Quash Service of Process and Dismiss for Lack of Personal Jurisdiction (D.E. 51, 52), filed August 24, 2012, are **GRANTED;**

2. Plaintiff Dorcy A. Farrell's Motions to Stay Ruling on Defendants' Motions to Dismiss Pending 90 Days of Jurisdictional Discovery (D.E. 61, 62), filed September 10, 2012, are **DENIED;**

3. All claims asserted in this action against Defendant Drs. Maria Forero and Yusuf Mahomedy are **DISMISSED;** and

4. Defendant Drs. Maria Forero and Yusuf Mahomedy's Motions for Protective Orders to Stay Discovery (D.E. 78, 79), filed October 11, 2012, are **DENIED AS MOOT.**