DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**KURT GARDNER,**
Appellant,

v.

**THE STANDARD FIRE INSURANCE COMPANY** and
**ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY,**
Appellees.

No. 4D17-1546

[October 25, 2017]

Appeal of non-final order from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Jeffrey Dana Gillen, Judge; L.T. Case No. 502017CA001511XXXMB.

Shelly J. Stirrat of Appellate Services, PLLC, West Palm Beach, and Jack M. Sobel of Schwed, Adams, Sobel & McGinley, PA, Palm Beach Gardens, for appellant.

Gabriel C. Dobrin of Law Offices of James W. Kehoe, III, Fort Lauderdale, for appellee The Standard Fire Insurance Company.

KUNTZ, J.

The Plaintiff appeals an order transferring venue to Manatee County. In this lawsuit against two uninsured motorist insurers, one of the defendants filed a motion to transfer venue pursuant to Florida Rule of Civil Procedure 1.060, and, later, a motion to transfer for *forum non conveniens.* The court granted the motion to transfer venue based upon Rule 1.060, and based upon that ruling denied the *forum non conveniens* motion as moot. Because the other defendant has an office in Palm Beach County, venue was proper in the county. Therefore, we reverse the court's order transferring venue.

### *Background*

The Plaintiff, a resident of *Broward County*, and an at-fault and uninsured driver, who is a resident of *Hillsborough County*, were involved in a car accident on Interstate 75 in *Manatee County.* The Plaintiff filed

uninsured motorist claims with his insurance companies, which are both *foreign corporations.* When both companies denied the claims, the Plaintiff filed a lawsuit in *Palm Beach County.*

The two insurers took different approaches in response to the lawsuit. Defendant Allstate answered the complaint, while defendant Standard Fire moved to transfer venue based on Florida Rule of Civil Procedure 1.060. Standard Fire later filed a separate motion to transfer for *forum non conveniens.*

After both sides briefed Standard Fire's motions, the court held a hearing and issued a written order granting the motion to transfer, relying on *Geico General Insurance Co. v. Graci*, 849 So. 2d 1196, 1199 (Fla. 4th DCA 2003). The court then denied the motion to transfer for *forum non conveniens* as moot; however, it noted in the written order that the Plaintiff's arguments for transferring on this ground were not persuasive.

The Plaintiff now appeals the court's order, arguing Palm Beach County is a proper venue for this lawsuit.

### *Analysis*

At first glance, it is easy to understand why the court transferred this action. A lawsuit was filed against two foreign insurers arising from an automobile accident that occurred in Manatee County between residents of Hillsborough County and Broward County. With the exception of the location of the Plaintiff's attorney, there is no clear connection to Palm Beach County.

However, the analysis is not so simple. In Florida, chapter 47, Florida Statutes (2016), governs the determination of proper venue, which is generally found in section 47.011. However, when the defendant is a corporation, section 47.051 controls:

> Actions against domestic corporations shall be brought only in the county where such corporation has, or usually keeps, an office for transaction of its customary business, where the cause of action accrued, or where the property in litigation is located. Actions against foreign corporations doing business in this state shall be brought in a county where such corporation has an agent or other representative, where the cause of action accrued, or where the property in litigation is located.

2

Additionally, in cases involving multiple defendants, section 47.021 provides that "[a]ctions against two or more defendants residing in different counties may be brought in any county in which any defendant resides."

We now apply those controlling statutory provisions to the case before us. The circuit court relied upon *Graci* to support its conclusion that venue was proper only in Manatee County. In *Graci*, the plaintiff filed suit in St. Lucie County against her uninsured motorist insurer for claims arising out of an automobile accident that occurred in Martin County. 849 So. 2d at 1197–98. The insurer moved to transfer venue to Martin County, and filed an affidavit stating that it did not maintain an office or agent in St. Lucie County. *Id.* at 1198. The circuit court denied the motion to transfer venue and, on appeal, we reversed. *Id.* As correctly noted by the circuit court in our case, in *Graci* we explained that the plaintiff's cause of action was for a determination of an entitlement to damages caused by an automobile collision—not a breach of the insurance contract. *Id.* at 1199.

However, in *Graci* we also noted that "[o]f the several venue selections authorized by either section 47.011 or section 47.051, Fla. Stat., the only one which would be applicable is the county where the cause of action accrued." *Id.* at 1198. There was only one defendant in *Graci* and the one defendant did not have an agent in the forum county.

But the circumstances here are different. There are two defendants in this case, Allstate and Standard Fire. One defendant, Standard Fire, filed an affidavit stating it does not have an agent or office in Palm Beach County. However, the other defendant, Allstate, filed an answer to the Plaintiff's complaint within which it specifically admitted that it has an agent in Palm Beach County.

Here, unlike in *Graci*, there are other provisions to the venue statute applicable beyond where the cause of action accrued. Specifically, with regard to foreign corporations, the statute provides that venue is proper "where such corporation has an agent or other representative, where the cause of action accrued, or where the property in litigation is located." § 47.051, Fla. Stat. (2003); *see also Fla. Gamco, Inc. v. Fontaine*, 68 So. 3d 923, 928 (Fla. 4th DCA 2011). And, as noted above, section 47.021, Florida Statutes (2016), provides that in cases with multiple defendants the cause of action may be brought in any venue where any defendant resides.

Therefore, pursuant to sections 47.021 and 47.051, Florida Statutes, venue is proper in any county where either defendant has an agent or

3

other representative.  Allstate answered the complaint and admitted it has an agent in Palm Beach County.  As such, venue was proper in Palm Beach County and the court erred in granting the motion to transfer venue.

Finally, because the circuit court did not decide Standard Fire's separate motion to transfer venue for *forum non conveniens* on the merits, neither do we.  However, based upon our reversal of the order transferring venue, we vacate the order on *forum non conveniens*, as it is no longer moot.

### *Conclusion*

One of the defendants admitted that it has an agent in Palm Beach County.  Therefore, venue was proper in Palm Beach County and the court's order granting Standard Fire's motion to transfer venue is reversed.

*Reversed and remanded for further proceedings.*

GROSS and LEVINE, JJ., concur.

\*　　　\*　　　\*

***Not final until disposition of timely filed motion for rehearing.***

4